[No. 6052.]

STARBIRD V. JACOBS.

1. **Specific Performance—Where Allowed—**One claiming to be entitled to have from a certain ditch a specified volume of water for the irrigation of certain lands, conveyed the land and the water right to the plaintiff by deed effectual for this purpose, with covenant of warranty. The owner of the ditch refused to deliver the water. The plaintiff's remedy is by action against the owner of the ditch, or if in fact plaintiff was not entitled to the water right when he assumed to convey it, by an action upon the covenant. Plaintiff having effectually conveyed the water right, if vested in him, a bill for specific performance is inappropriate, and will not lie.—(510, 511)

2. **Specific Performance—Judgment—**Upon a bill for specific performance of an alleged agreement to convey a water right, it appearing that in fact an effectual conveyance had been made by defendant, if the right was vested in him, it was held error to award damages against him, for the failure of the owner of the ditch to deliver the water (such owner of the ditch not being a party), and in the alternative a further sum, in case the grantor should not, within a certain time, procure and deliver the water.—(512)

3. **Parties—Action to Determine Right to Water—**Whether one who has assumed to convey the right to a certain volume of water from an irrigating ditch was entitled thereto at the date of his conveyance, can be effectually determined only in an action to which the owner of the ditch is made a party.—(512)

4. **Measure of Damages—**The measure of damages for the failure of title to a water right, conveyed by covenant of warranty, is the value of that right.—(514)

*Appeal from Denver District Court* — Hon.
FRANK T. JOHNSON, Judge.

Mr. N. Q. TANQUARY, for appellant.

Mr. GEORGE W. TAYLOR, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

On February 13, 1902, the defendant below, appellant here, George A. Starbird, claiming to own block 1, North Berkeley Gardens, being a part of the east half ($\frac{1}{2}$) of the southeast quarter ($\frac{1}{4}$) of section 1, township 3, south of range sixty-nine (69) west, containing twenty acres more or less, together with one share of stock in the Juchem Extension Ditch and Reservoir Company, and also seven and one-half ($7\frac{1}{2}$) inches of "bought water" from said ditch, on that day sold and transferred the same, by deed with full covenants of warranty, to the plaintiff below, appellee here, Katie Jacobs, who accepted the transfer and went into possession of the land.

The term "bought water," it is agreed, was a right in Starbird to have, during each irrigating season, from the ditch company, upon the payment of a fixed annual stipend therefor, the use of seven and one-half inches of water for the partial irrigation of the land sold. There is no dispute but that, whatever right Starbird had to the use of this water on this land, from the company, was transferred to the appellee by the conveyance referred to.

Subsequently it developed that, upon demand of the Juchem Extension Ditch and Reservoir Company for delivery of the "bought water" for the season of 1904, and a tender of the agreed annual rental therefor, the company declined to deliver the same on the sole ground that Starbird had no such right

as he claimed, or any right to have and receive this water.

Thereupon an action was begun by Jacobs against the ditch company to determine the question of her right to have from it the "bought water" which had been conveyed. This action was abandoned, because, as it is claimed, Starbird refused to furnish the necessary funds for its prosecution. That action should have been continued by Jacobs to a final determination, for upon its result, whatever way the suit might go, her subsequent action must largely depend.

Afterward and on November 15, 1905, Jacobs brought this suit in the district court for the city and county of Denver for a decree for specific performance against Starbird of his contract, as exemplified in his deed of warranty, and to effect a delivery of the "bought water" therein and thereby conveyed, together with damages, which Jacobs claimed to have meanwhile sustained, in the sum of $2,000.00 for loss of crops, because of Starbird's failure to furnish the "bought water" according to his deed contract, or at all.

Trial was had to the court, and the court below found that Starbird was seized and possessed of the seven and one-half inches of water, commonly known as "bought water," and rendered its decree adjudging that he, within thirty days from the date thereof deliver or cause to be delivered to Jacobs seven and one-half inches of "bought water," as called for by his deed, from the Juchem Extension Ditch and Reservoir Company, and further awarded Jacobs $300.00 damages, as consequent injuries occasioned by the neglect, refusal and delay of Starbird to deliver such "bought water"; decreeing further, in case Starbird should fail within thirty days thereafter to procure and deliver the "bought water" and

pay the $300.00 damages awarded, as an alternative judgment, damages in the sum of $1,500.00, representing, according to the decree, the diminution in value of the premises sold, which was occasioned by the failure of Starbird to deliver the "bought water" contracted by his conveyance. To review this judgment and decree, Starbird brings the case here on appeal.

There are two substantial questions for consideration. Others of more or less interest and concern are incidentally involved, but those upon which the final determination of the soundness of the judgment rests, are:

(1) On the admitted facts, can the action for specific performance be approved? And,

(2) Upon the record and testimony, can the alternative judgment rendered be affirmed?

Manifestly the action for specific performance, on principle and authority, will not lie. The rule of law governing such actions relative to real estate conveyances is well settled, and is to be applied in this case. If Starbird, as a matter of fact, possessed the right to have and receive, on demand and tender of the fixed consideration therefor, the use of the "bought water" in question, then clearly that right was as fully transferred and assigned to Jacobs as it was in Starbird's power to do, and the former could enforce that right against the ditch company. In such case then her action was against the ditch company, for, if it owed the use of the water in question to Starbird, upon the transfer shown, it likewise then owed the legal duty to furnish the water to his assignee or grantee, Jacobs. If, upon proper demand and tender of the agreed charge, the company refused to furnish and deliver the "bought water," being legally bound to do so, to Jacobs, her remedy was against the company to have the question of title

determined, and if in her favor, to compel delivery of the "bought water" by the company, and also for damages against it, if any, because of the failure so to do.  If Starbird had title, then his contract was complete when he transferred such title to Jacobs. Nothing more remained for him to do.  There was nothing further which he might lawfully be required to do.  On the other hand, if he in fact had no right to or title in the "bought water," then there was a clear breach of his covenant of warranty, and Jacobs' remedy was in damages for such breach.  Thus it seems plain that in either situation an action for specfic performance would not lie.  Nor does it alter the legal status of the parties that Starbird, after the conveyance, may have declared himself in position to deliver the "bought water," or furnish it, through means of other stock.  The original contract was specifically for "bought water," and that was all he could be required to deliver under the terms of the deed.  Whatever right to "bought water" he may have had at the time of his conveyance, or whatever right he may have thereafter acquired in that behalf, passed under the deed of warranty to his grantee, Jacobs.  The province of courts is to construe and enforce contracts as found, not to make new ones.

To illustrate, suppose in this very case, a third party claimed adverse title to, and was in possession of, the land which Starbird conveyed to Jacobs, what would be her remedy?  Clearly an action against such third person to settle and determine title, not one of specific performance against Starbird.  He had already conveyed as fully as he could.  The sole question would be whether his title fails.  If not, then Jacobs would prevail against the third person. If yes, then she has an action against Starbird for breach of warranty.  Nothing more, nothing less. The case at bar is not different in principle than it

would be if the question in dispute were as to the title of the land itself.

The authorities are not in substantial conflict on the question as to whether an action for specific performance will lie in cases like this, and we cite, as placing the question beyond dispute, *Brown v. Lapham,* 22 Colo. 264; *Kennedy v. Hazelton,* 128 U. S. 667; Pomeroy on Specific Performance, §§ 465-475.

On the second question, that of the propriety of the alternative damage judgment entered in the court below, it is clear that if Starbird was and is so liable, it must be on the ground that his title to the "bought water" failed. In order, therefore, to recover on this theory, the fact that such failure did occur must first be established, else there was no breach of the covenant of warranty. The fact that such title did fail could not be finally and conclusively determined, so as to be binding upon all parties in interest, except in a suit to which the ditch company was a party. Indeed no attempt was made to show such failure of title. On the contrary, the trial court found, as a fact, which is not binding on the company, that Starbird is seized and possessed of this title. If, however, it was competent at all in this action to render an alternative damage judgment against Starbird, under the pleadings and in view of the court's findings, then the measure of damage would be the value of the "bought water," and until it is established by competent proof that such water is not obtainable, no other measure of damage than its value was competent. No attempt was even made to show that no "bought water" could be secured, hence no other measure of damage for the breach of contract complained of could be entertained. Yet the court, evidently impelled by the notion that the land without water was worthless (not a syllable of proof, however, having been offered to that effect), assessed the

damages for the supposed diminution in value of the property, on the basis of the price paid per acre for the entire twenty-acre tract. No word of testimony is found in the record to support such finding, except the bare statement of appellee's husband that, "In his opinion the land would be worthless without water." The record shows that of the twenty acres originally bought by appellee she had sold and conveyed away ten acres thereof with the one share of ditch stock. It may well be that the value of the ten acres sold was greatly in excess of that of the ten acres retained, and if so, then to allow damages for the remaining ten acres on the basis of $150.00 per acre, the rate at which the whole tract was purchased, is clearly wrong. There is nothing to show what the fact is in this respect. The court must have assumed, for there is no testimony on this point, one way or the other, that the land was all of equal value. Such assumption is clearly not warranted for the purpose of basing upon it a judgment in damages. The alternative judgment is unsupported by any testimony, and is not warranted, as matter of law. as the record and proof now stand, on any theory.

The judgment and decree is therefore wrong in both respects. If Starbird had title to the "bought water," as the trial court found, then specific performance could not be decreed, for he had fully performed by conveying it. The wrong for failure to deliver the "bought water," under such circumstances, was the wrong of the ditch company. On the other hand, if, as a fact, Starbird attempted to convey what he did not have, then before he could be mulct in damage, such failure of title should be satisfactorily established, and this was not done. Besides, to reach the result shown by the alternative money judgment, obviously the correct measure of damage was not applied. The value of the "bought

water'' is the true measure, in the first instance, and in any event there is no competent testimony whatever to establish and support any such damages as were allowed. The judgment and decree should be reversed and the cause remanded. It is so ordered.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.

Opinion announced November 1, A. D. 1909; rehearing denied December 6, A. D. 1909.