[No. 8754.]

Consolidated Juchem Ditch & Reservoir Co. v. Old et al.

1. Equity Practice—*Formalities Disregarded.* A contract may be enforced either by a decree for specific performance, or other form of equitable relief.

2. Specific Performance—*Contract.* A contract by which an irrigation company, for a consideration promised, agrees to furnish water for the irrigation of specified land, is capable of specific enforcement.

3. ——*Parties.* Agreement by an irrigation company to furnish a specified volume of water for the irrigation of particular lands. The successor in title to the land is entitled to enforce the contract.

4. Pleading—*General Denial.* Bill for specific performance. Answer, the general denial. *Held,* that neither the defense of laches nor want of consideration was admissible.

5. ——*Amendment—Discretion of the Court.* The allowance of an amendment to a pleading is in the discretion of the court. Application to amend the answer, years after its filing, setting up a defense manifestly known to the party at the time of filing the original, denied.

6. Laches—*Pleading,* must be asserted by answer. Constant assertion of a right, with effort to secure an' adjustment, excuses delay in instituting an action for the enforcement of the right.

*Error to Jefferson District Court.* Hon. Charles ·Cavender, Judge.

Mr. J. W. Barnes, for plaintiff in error.

Mr. Edwin H. Park, for defendants in error.

Mr. Justice Scott delivered the opinion of the court.

This is an action by the defendants in error, plaintiffs below, for mandatory injunctive relief, under a contract by and between Evan E. Reno, grantor of Robert O. Old, deceased, whose heirs are the defendants in error, and The Juchem Extension Ditch & Reservoir Company, original defendant below, and for which the plaintiff in error, was substituted as party defendant, pending proceedings on the trial court. This contract was as follows:

"State of Colorado, County of Arapahoe, April 16, 1892.

This agreement entered into this day by and between The Juchem Extension Ditch & Reservoir Company, party of the first part, and Evan E. Reno, party of the second part, to-wit:

For and in consideration of 35 inches of water, which party of the first part agrees to deliver to party of the second part on the West One-half (½) of the Southeast Quarter of Section 9, Township 3 South, Range 69 West, County of Jefferson, at such place or places, but not to exceed two boxes, as might be agreed upon between both parties to this agreement, party of the second part agrees to execute and deliver to the party of the first part a quit claim deed, quitclaiming unto said party all claims of any nature whatsoever which he may hold against parties of the first part, as well as the right of way now being used by the company, 16 ft.

Party of the second part further agree with first party to pay to said first party the sum of $2.00 per inch for water and to pro rate in all cases with the members of the company as provided by the by-laws.

The Juchem Extension Ditch & Reservoir Co.

By its officers,

Chas. Ecker, President,
James Stickle, Secretary,
A. S. Lang, Treasurer,
Evan E. Reno.''

The complaint alleged in substance, the ownership by plaintiff of the lands described in the contract, at the time of the execution of that instrument, and long prior thereto, by the said Reno; a conveyance of said premises with the water rights, under said contract to Robert O. Old; the ownership thereof by said Old at the time of his death, and that plaintiffs are the sole heirs and legatees of said Old; that the said Juchem Extension Ditch and Reservoir Company, in the year 1887, without right

and wrongfully, entered upon said lands and constructed an irrigation ditch over and across the southern portion of said lands, and proceeded to use the same as an extension of its irrigation ditch. That a controversy thus arose between the said Reno and the said ditch company, which continued until 1892, when the same was adjusted and settled by the execution of the said contract.

It was further alleged that said lands are improved agricultural lands, and without value for agricultural purposes, without the right to use the water stipulated in the contract; that said ditch so remains and is in use across said premises; willingness upon the part of the plaintiffs to pay the agreed price for the delivery of water; that there is no other source of water supply for said land, and that plaintiffs are now and have at all times been willing to comply with their obligations under the said agreement.

The prayer of the complaint was as follows:

"Wherefore, plaintiffs pray judgment that the defendant be compelled, by order of this court, to turn out annually to the plaintiffs, for use upon the said west half of the southeast quarter of section 9, township 3 south of range 69 west, in Jefferson county, Colorado, thirty-five inches of water, upon the payment, to-wit: of the sum of seventy dollars. That a peremptory order be entered against the defendant, either by way of mandamus or mandatory injunction, requiring the said defendant to specifically perform the said contract. For two thousand dollars damages; for costs of this action; and for such other and further relief as to the court shall seem meet and proper in the premises."

The answer was a general denial of the allegations of the complaint. The court found specifically as to all matters of fact, in favor of the plaintiff and it was ordered:

"That the plaintiffs are hereby required to execute and deliver to the clerk of this court a deed, conveying to the defendant a right of way for its said ditch, sixteen (16) feet in width, being eight (8) feet each way from the center of said ditch, over and across the south end of the West Half (W½) of the Southeast Quarter (SE¼) of Section (9) Nine, Township Three (3) South, Range Sixty-nine (69) West, in Jefferson county, State of Colorado, being the strip of land now, and for the past twenty years, occupied by said ditch;

And It Is Further Ordered, Adjudged and Decreed that the defendant be and it is hereby required to deliver to the plaintiffs and their grantees, or their heirs or assigns, thirty-five (35) inches of water every year, during the irrigation season, or so much thereof as may be necessary to irrigate said eighty (80) acres of land, for which the plaintiffs shall pay to the defendant the sum of Two Dollars ($2) per inch per annum; that the water shall be delivered from said ditch of the defendant company in not to exceed two (2) boxes, upon the eighty (80) acres of land, at points to be selected by the plaintiffs; and in case of shortage of water, the right of the plaintiffs to water from said ditch shall be the same, and are hereby declared to be the same, with respect to the prorating and division of water, as the right of a stockholder in said ditch as defined by the articles of incorporation, by-laws, and rules and regulations of The Juchem Extension Ditch & Reservoir Company, to observe and carry out the terms of this decree."

The court made certain findings of fact which seem important to recite, as follows:

"The court further finds that the water under the above contract was used upon the land in the year 1895, and was paid for at the rate of Two Dollars ($2) per inch; that A. B. Cole, who is the present secretary of the

defendant company, and has been such secretary since 1901, was a tenant of the grantee of said Evan E. Reno, to-wit, Robert O. Old, and was asserting at that time that this contract was in existence, and was entitled to the water; that the secretary of the company, in 1895, conceded the right of the owners of this eighty acres to the water, and water was turned in upon the land, and a bill was rendered by the company to the owners of the land, and they paid therefor; that since said time there has been constant controversy with reference to this contract, the same being denied by the company both, verbally and in their pleadings; that in 1906 a formal demand was again made upon the ditch company for this water, and a tender made of $2.00 per inch, which was refused, whereupon this suit was brought.   *   *   *

The court further finds that under the circumstances of this case, the defendant having at all times since 1895 denied the existence, or the liability of the defendant, under any such contract, it was not incumbent upon the plaintiffs to tender to the defendant a deed for a right of way across the property, and for the further reason that the plaintiffs never were in possession of a copy of the contract; and the court finds that the said plaintiffs were not, under the circumstances of this case, required to make a tender of deed to the defendant until the terms of said contract should be declared, and for the further reason that upon the trial of the case a press copy of the contract was produced, which had been lost for some twenty (20) years theretofore, and was identified by the main officer of the company—the president—who executed it, as being a press copy of the original contract executed on behalf of the company, and now for the first time are the plaintiffs apprised of the exact terms of the contract and what they are required to do.''

The contention of the plaintiff in error is that specific performance of the contract may not be enforced for the reasons (a) because of the laches of the plaintiffs, and (b) want of consideration.

The purpose of the action was to enforce the contract, and whether this be done by a decree of specific performance or by some other form of equitable relief is entirely immaterial. Indeed, in this case the court issued a mandatory injunction commanding the plaintiff in error to observe the terms of the decree based upon his findings of fact.

The contract was an executed contract, and capable in every respect of being enforced. *Dickerson v. Dick,* 59 Colo. 583, 151 Pac. 441.

It appears that the defendant in error succeeded to all the rights and interests of the original defendant, The Juchem Extension Ditch and Reservoir Company, by reason of a consolidation of these interests, and that it was substituted for such company as party defendant, upon its own motion.

The right of Reno under the contract, was for the benefit of the land, and under the terms of the conveyance to Old, as well as under the rule of this court, it passed with the land. *King v. Ackford,* 28 Colo. 488, 66 Pac. 906.

The owners of the land in such case may maintain a suit in equity against the ditch company to enforce their rights secured under a contract. *Starbird v. Jacobs,* 46 Colo. 507, 105 Pac. 872.

The plea of the defendant was a general denial, and under it, was not entitled to have either the question of want of consideration or laches considered. Laches must be presented by answer and cannot be met by demurrer or motion, and this in order that the plaintiff may have an opportunity to explain away such laches. *Blakely v. Ft. Lyon Canal Co.,* 31 Colo. 224, 73 Pac. 249.

It is urged that the court erred in overruling the application of defendant to file an amended answer. The answer in this case was filed on the 25th day of January, 1914, or nearly seven years subsequent to the filing of the answer.

It was said by this court in *Richner v. Plateau Co.*, 44 Colo. 302, 98 Pac. 178:

"The matter of permitting the answer to be amended rested within the sound discretion of the court to whom the application was made, and in view of the fact that the complaint had been filed in February, 1902, and the answer filed in September, 1903, more than a year and a half after the filing of the complaint and about six months before the cause came on for trial, and that the granting of the application would have made .an entirely different issue from that which the plaintiff had presented in its testimony, and one which it was not then prepared to meet, the court committed no error in overruling the application."

It is likewise plain from the testimony in the case that the plaintiff in error was fully advised as to the existence of such contract long prior to the attempt to amend. The complaint not only pleaded the existence of such contract and reliance thereon, but its date and its possession by the ditch company executing it, together with demand for its presentation, but all the officers of that company at the time of the execution of the agreement, testified as to the fact of the agreement. Mr. Lang, one of such officers, testified that he advised counsel for plaintiff in error before the bringing of this suit, as to such agreement.

It has been ruled by this court that where the information sought to be set up in an amended answer was known to the pleaders at the time of filing his original answer, the amendment will not be allowed. *Sun Insur-*

*ance Office v. Heiderer,* 44 Colo. 293, 99 Pac. 39; *Bransford v. Norwich Union Ins. Co.,* 21 Colo. 34, 39 Pac. 419.

But the record in this case does not disclose laches. If by laches counsel refer to delay in forcing the issue to trial, then it appears that both parties are at least equally responsible. If we are to understand that by laches is intended the delay in instituting the suit, then it appears plainly that the plaintiffs and their grantors were continuously asserting their claim and that there was constant effort to secure an adjustment. This does not constitute laches.

Likewise the record discloses a sufficient consideration. It is clear under the testimony that the contract was the settlement of a long and continued controversy. The parties seem to have acted in perfect good faith in making such settlement and the law favors such settlements. This constitutes a sufficient consideration. *Daly v. Busk Tunnel Co.,* 129 Fed. 513, 64 C. C. A. 87; *Swem v. Green,* 9 Colo. 358, 12 Pac. 202; *Coffee v. Emigh,* 15 Colo. 184, 25 Pac. 83.

Finding no substantial error in the record the judgment is affirmed.

WHITE, C. J., and GARRIGUES, J., concur.