BROWN v. LAPHAM ET AL.

1. SPECIFIC PERFORMANCE.

Specific performance of an agreement to convey real estate cannot be decreed when it appears that at the time the contract was made the defendant had divested himself of the title by a conveyance duly recorded.

2. SAME.

Ordinarily, the inability of the defendant to perform will prevent a decree against him for specific performance.

3. IMMATERIAL ERROR.

Where the proof would have been insufficient to sustain a decree in favor of the plaintiff, the fact that the judgment was as of nonsuit instead of being upon the merits affords no ground of complaint.

*Appeal from the District Court of Lake County.*

THIS action was commenced in the district court by appellant, S. P. Brown, for the specific performance of an alleged contract made with Joseph Lapham, one of the appellees.

Plaintiff in his complaint alleges that Joseph, the defendant, at all times mentioned was, and still is, the owner of a one fourth interest in certain mining claims, which are particularly described; that upon October 2, 1891, the defendant Joseph agreed in writing to sell and transfer to plaintiff the one fourth interest in all of these properties for a consideration of two thousand (2,000) dollars, one half the amount to be paid in cash and the balance in twelve

months, this balance to be secured by either a land contract or deed of trust upon the property conveyed.

Plaintiff alleges acceptance on his part of this offer, and his possession and working of the property, and that he has since developed a valuable body of ore therein. He alleges his willingness to comply with all the terms of his contract with Joseph, and that he has performed every act requisite, or in his power, required by said contract.

Notwithstanding his willingness to perform, he alleges that on October 26, 1891, Joseph refused to sign any conveyance whatever of said interest, and refused to accept the cash payment provided by said contract, and refused to accept security for the balance, and that he still refuses to comply with his agreement. It is further alleged that Lucy, the wife of the defendant Joseph, resides with him at Chicago, Ill., and that she had full knowledge of the dealings and contract of her husband with plaintiff, as hereinbefore set forth. It is averred that Joseph, for the purpose of defeating any action which plaintiff might bring to compel a specific performance of the contract or for damages for its breach, on or about October 6, 1891, transferred to his wife, Lucy, his interest in the property, and that she had at the time full knowledge of the fraudulent intent and object of her husband in making the transfer.

Separate general demurrers were filed by the defendants and overruled. Afterwards each defendant filed a separate answer, and in these answers each allegation of the complaint is specifically denied. In the separate answer of Joseph, it is averred that he had no title to the property in controversy at the time of the transactions complained of by the plaintiff, but that the title thereto was vested in his co-defendant. The separate answer of Lucy is not materially different from the answer of her husband.

Afterwards a replication was filed, and upon these issues the cause was tried to the court, without a jury. The trial resulted in a judgment of nonsuit. The plaintiff brings the case here by appeal.

Mr. J. W. Easton and Mr. H. P. Krell, for appellant.

Mr. J. A. Ewing and Mr. Chas. Cavender, for appellees.

Chief Justice Hayt delivered the opinion of the court.

Plaintiff, to sustain the issues on his part, introduced considerable correspondence, conducted by letters and telegrams, with the defendant Joseph. The first letter from this defendant is dated Chicago, September 11, 1891. In this the defendant offers to sell to the plaintiff a one fourth interest in the properties named in the complaint, for the sum of twenty-two hundred and fifty (2250) dollars, of this amount one thousand (1000) or twelve hundred and fifty (1250) dollars was to be spot cash, balance in six months or one year. Plaintiff replied to this letter soon after receiving it, and in his reply makes an offer of fifteen hundred (1500) dollars for the property. This letter was followed by a number of others between the parties. By one bearing date October 2, 1891, the defendant Joseph offers to sell a one fourth interest in the property for two thousand (2,000) dollars, one thousand (1,000) in spot cash, balance in six, nine and twelve months, or balance in twelve months, and adds, " will be satisfied with a land contract or trust deed, any way to make the balance entirely safe and secure."

On October 7th the plaintiff telegraphed the defendant Joseph: " Will accept offer. Letter of advice mailed." The letter spoken of in this telegram also bears date October 7th. In this letter plaintiff agrees to pay the price mentioned. As to security it is said: " We will not disagree as to the manner of conveyance and security on payments, it being lawful." There is some evidence going to show that the defendant Joseph was never the real owner of this property, but that he held only the naked legal title thereto, the equitable title being in his wife, Lucy, and her sisters, by inheritance from their father, Dr. Cole.

While plaintiff and defendant were negotiating a sale of

the property, to wit, on September 23, 1891, the defendant Joseph executed a deed of conveyance of the property to his wife, Lucy. This deed was acknowledged on September 30th and filed for record in the office of the county clerk and recorder of Lake county, Colorado, at eight o'clock A. M., October 6, 1891; this being the county wherein the property is situate. The defendant Joseph undertakes to excuse his participation in the negotiations with the plaintiff occurring subsequent to the making of the deed from the former to his wife, on the ground that he supposed his wife would be willing to convey the property for the price named. He claims in his letters in evidence that he arrived at this conclusion without consultation with his wife, and that when he mentioned the matter to her she positively refused to sell the property for the sum named, or for any sum less than three thousand (3,000) dollars.

The foregoing facts all appear from the evidence introduced by plaintiff, and upon this it is claimed that he was entitled to a decree for the specific performance of a contract to convey, which contract he claims is fully evidenced by the letters passing between the parties. The defendants claim that, taking the correspondence together, it is apparent that the minds of the parties never met upon any terms, and that therefore there was no contract.

We find it, however, unnecessary to pass upon this contention of counsel. If it be conceded for the purpose of this appeal that plaintiff's claim in this particular is supported by the evidence, he is still not entitled to a decree for specific performance, for the reason that at the time and prior to the acceptance of the proposition of October 2d, by the telegram and letters of plaintiff, bearing date October 7, 1892, the defendant Joseph had already transferred his title to his wife, of which transfer the plaintiff must be held to have had notice from and after the time at which the deed was filed for record, viz. 8 o'clock A. M., October 6th. There is some slight discrepancy in the evidence offered by the plaintiff, as to whether this acceptance was on the 6th or 7th day of Oc-

tober.   The letter and telegram both bear date as of the 7th inst., and we think this must be taken as the true date, but this is also immaterial in view of the fact that, if the correspondence took place on the 6th, it is still apparent from the evidence that plaintiff's offer was not accepted until after the deed from Joseph to his wife was made a matter of record in the proper county.

In actions for specific performance of contracts, it is well established that the inability of the defendant to perform will ordinarily prevent a decree against him for specific performance.   The evidence shows that at the time of the making of the alleged contract with plaintiff, the defendant Joseph had parted with his title to this property to his wife, Lucy, and there being no evidence that this conveyance was fraudulently made, or that she had any notice of the negotiations between Joseph and the plaintiff, specific performance cannot be decreed in the absence of evidence showing that Joseph in the negotiations was authorized to act as the agent of Lucy.

As the plaintiff had notice before the commencement of the proceeding, by the recorded deed from Joseph to Lucy, of the incapacity of Joseph to deed the property to him, it is doubtful if the action should have been retained by the court for damages for failure to perform had the pleadings presented such an issue; moreover no such issue is tendered by the plaintiff.

Pomeroy, in his work on Specific Performance, states the rule as follows:

"SEC. 475. * * * If at the time of bringing his suit the plaintiff is informed of the real facts—of the defect in the defendant's title, or of the defendant's subsequent conveyance, and there are no other circumstances which could alter the presumption—then he is presumed to know the legal consequences of those facts; the law infers his knowledge that a specific enforcement cannot be decreed.   The reason given for this rule, is the want of any jurisdiction in a court of equity to entertain a suit for a specific performance under

the circumstances. At the very commencement of the proceeding the court has no jurisdiction to grant the specific remedy, and, therefore, the case does not fall within the general principle stated above as the foundation of all relief of damages granted by courts of equity. Although this reasoning is based upon an entire misconception of the meaning of 'jurisdiction,' yet it has been generally adopted by the courts, and the rule resulting from it has become so firmly settled that even the sweeping reforms made by the new procedure have not led the courts to change it in most of the states where that procedure prevails."

Moreover, in this case there is no evidence of damages to sustain a judgment were this issue presented by the pleadings. In so far as plaintiff's possession is concerned, it is sufficient to say that such possession was held by virtue of a prior lease with defendant's grantor. The amendments offered by the plaintiff just prior to closing his evidence were insufficient, if allowed, to warrant a recovery in damages and were properly refused. Aside from this, there is an entire absence of any showing, by affidavit or otherwise, in support of the application to amend.

It is contended that a nonsuit is unknown to the equity practice, and a reversal is asked on account of the form of the judgment. In view of the failure of proof, the defendants were certainly entitled to a decree upon the merits; therefore this technical error, as to form, is error without prejudice to the plaintiff and affords him no ground of complaint. *Tripp v. Fiske*, 4 Colo. 24.

*Affirmed.*