### No. 9010.

### LEACH v. FULLER ET AL.

SPECIFIC PERFORMANCE—*Contract to Lend Money,* cannot be specifically enforced.

*Error to Denver District Court, Hon. Geo. W. Allen, Judge.*

Department.

Mr. FREDERICK T. HENRY and Mr. CARLISLE FERGUSON, for plaintiff in error.

Mr. WILLIAM H. DICKSON, for defendant in error, D. P. Fuller, Jr.

Opinion by Mr. Justice Teller.

THIS cause is before us on error to a judgment of the District Court decreeing specific performance of a contract by which the plaintiff in error agreed to loan defendant in error, Fuller, $1,000, to be secured on 320 acres of land in Arkansas, on condition that the title thereto be found good, etc.

Fuller, the plaintiff in the action, in his complaint, set out the contract in *haec verba;* alleged that an abstract of title had been prepared, showing title as required by the agreement; that he had performed all the conditions of the agreement, including the execution and recording of the mortgage; and that the defendant refused to indorse a cashier's

check drawn to her order for $1,000, and held in escrow by defendant Nicol.

The prayer was that defendant Leach be ordered to indorse said check, and that defendant Nicol be directed to deliver the same to the plaintiff.

The answer of defendant Leach contained a demurrer, on the ground, among others, that the complaint alleged no facts showing that the plaintiff had not an adequate remedy at law; and that an action for the specific performance of a contract to loan money would not lie. It also alleged that said defendant was induced to sign the contract by misrepresentation, in that the land offered as security for the loan was stated to be worth from $10 to $15 per acre, and well timbered, all of which was false, and known to plaintiffs so to be.

The demurrer was overruled and the cause tried to the court.

The demurrer should have been sustained.

The ground of jurisdiction to compel specific performance of an agreement is that the party seeking this relief can not be fully compensated by an award of damages at law. *Frue v. Houghton,* 6 Colo. 318. Some special circumstances must exist to take the case out of the general rule that the remedy for breach of contract is by an action for damages.

Here there is nothing alleged in the complaint, nor has counsel in argument suggested anything from which it appears that the plaintiff may not be fully compensated in damages for all his losses by reason of the breach of contract. The burden is upon him to show that the ordinary remedy is not sufficient.

The rule is that "an agreement to lend money, whether on security or not, can not be specifically enforced." 36 Cyc. 556; Pomeroy's Equity Juris., Vol. 6, Sec. 753. To the same effect: *Conklin v. People's Bldg. Ass'n.,* 41 N. J. Eq. 20, 2 Atl. 615, and *Bradford, etc., R. Co. v. New York, etc., R. Co.,* 123 N. Y. 316, 25 N. E. 499, 11 L. R. A. 116.

In *Rogers v. Challis*, 27 Beavan's Reports 175, an attempt was made to compel the performance of a contract to borrow money.  In the opinion it is said:

"By what possibility can it be said that the remedy here is inadequate or defective?  It is a simple money demand; the plaintiff says, 'I have sustained a pecuniary loss by my money remaining idle.' * * *. This is a mere matter of calculation, and a jury would easily assess the amount of damage which the plaintiff has sustained."

In this case it was further said that it would be productive of serious evil to permit a remedy by suit for specific performance where an action for breach of contract would give full relief, since it would present for trial by the court a case which should be tried by a jury.

So, here, if the plaintiff has suffered damage by the refusal of defendant Leach to make the loan, if there were a valid contract to make it, he can easily prove the extent of his loss.

The judgment is accordingly reversed.

Judgment reversed.

Chief Justice Hill and Mr. Justice White concur.