472 P.2d 166 (1970)
William M. FRANKLIN, Plaintiff in Error,
v.
Freda M. NOLAN, Defendant in Error.
No. 70-068. (Supreme Court No. 22983.)
Colorado Court of Appeals, Div. II.
May 5, 1970.
*167 Wood, Ris & Hames, Eugene S. Hames, Denver, for plaintiff in error.
Frank A. Bruno, Robert E. Goodwin, Denver, for defendant in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties will be referred to as they appeared in the trial court, wherein Freda M. Nolan was plaintiff and William M. Franklin was defendant.
This controversy arose out of an automobile accident that occurred at the intersection of Broadway and 23rd Avenue when the front end of plaintiff's automobile struck the right rear of defendant's auto. This is an irregularly shaped intersection with Broadway, Arapahoe and 23rd Avenue all intersecting. Broadway and 23rd Avenue intersect on less than right angles to each other for north-bound traffic on Broadway.
Plaintiff was driving the last car in a 10- to 12-car funeral procession, which was proceeding west on 23rd Avenue at approximately 15 to 20 miles per hour while defendant was driving north on Broadway at approximately 25 miles per hour.
At this intersection, Broadway consists of two north-bound and two south-bound lanes. A police officer on a motorcycle was acting as escort for the procession. The officer entered the intersection and halted traffic on Broadway. This consisted of stopping a vehicle in each of the southbound lanes and a vehicle in the westerly lane of the north-bound lanes of Broadway. After the front of the procession had cleared the intersection, the officer left the intersection and proceeded to the next intersection to the west on 23rd Avenue to repeat the process of stopping traffic.
Plaintiff testified that she was following approximately 18 feet behind the vehicle in front of her as she entered the intersection on a green light; that she looked both ways at about the cross-walk; but did not see the defendant until it was too late to avoid hitting him.
Defendant testified that he was traveling in the curb lane of the north-bound lanes of Broadway when he entered the intersection on a green light; that there was no police officer in the intersection as he approached; that he did not hear the sound of a siren; that there was no other vehicle present in the intersection at the time he entered; and that he did not see plaintiff's lighted headlamps until after the occurrence of the collision.
A police officer sitting in his cruiser on the northwest corner of 23rd Avenue and Broadway witnessed the accident. He testified that defendant entered the intersection on a green light, well within the speed limit; that the officer escorting the procession had left the intersection prior to defendant's approach; that plaintiff entered the intersection approximately 18 feet behind the vehicle ahead of her.
Plaintiff initiated this suit to recover damages allegedly sustained as a result of defendant's negligence. By way of answer, defendant generally denied negligence and affirmatively alleged that plaintiff was guilty of contributory negligence.
At the conclusion of all evidence, the court granted plaintiff's motion to strike the defense of contributory negligence and granted plaintiff's motion for a directed verdict on the issue of negligence. The sole question submitted to the jury was the issue of damages.
We agree with defendant's contention that the court erred in striking the defense of contributory negligence and in directing a verdict in favor of plaintiff on the issue of negligence.
The applicable portions of the Denver Revised Municipal Code, Section 517 (1961), provide as follows:
".5 Escorted Processions; Right of Way. Each vehicle comprising any lawfully escorted procession when identified by lighted headlamps, and each escort *168 vehicle when identified by red lights, may proceed regardless of official traffic control devices, and shall have the right of way over any other vehicle, and the operator of any such other vehicle shall yield the right of way regardless of directions indicated on official traffic control devices. * * *

* * * * * *
".7 Drivers in a Procession. Each driver in a funeral or other authorized procession shall maintain lighted headlamps and shall follow the vehicle ahead as close as is practicable for safe operation. * * *"
Contributory negligence cannot be ruled out as a matter of law, since there was conflict in the testimony as to whether or not plaintiff was following the vehicle ahead of her as closely as safety would permit. If the jury was to believe defendant's testimony that neither plaintiff nor the vehicle in front of her was in the intersection when defendant entered, then his evidence would raise a factual issue as to whether or not plaintiff was following the vehicles ahead of her as closely as was practical. In addition, if plaintiff had allowed too much interval between herself and the next automobile in the procession, the question arises as to whether plaintiff had herself used due care and had kept a proper lookout. These would be questions of fact, which would have to be resolved.
When, as here, there was evidence, which if believed would support defendant's theory of contributory negligence, it was error for the trial court to strike the defense. Hansen v. Dillon, 156 Colo. 396, 400 P.2d 201.
A verdict may be directed in a jury trial only when the evidence, viewed in the light most favorable to the opposing party, could lead to but one logical conclusion on the issue of liability. Schaffner v. Smith, 158 Colo. 387, 407 P.2d 23.
Even if the issue of contributory negligence was resolved in plaintiff's favor, this does not imply an automatic finding of liability on defendant's part, since in order to be liable defendant must be negligent. Negligence consists of a failure to observe reasonable standards of care, which the circumstances of the particular situation require. Roessler v. O'Brien, 119 Colo. 222, 201 P.2d 901. Liability for one's conduct must be determined in the light of what was apparent at the time, not what is obvious in hindsight. McMillan v. Hammond, 158 Colo. 40, 404 P.2d 549.
Where defendant, without notice of the funeral procession, proceeded into the intersection on a green light and collided with a vehicle constituting part of a funeral procession, the issue of defendant's negligence is an issue of fact for the jury, not one of law for the court, even though the procession had the right-of-way by virtue of an ordinance. Sloss-Sheffield Steel & Iron Co. v. Allred, 247 Ala. 499, 25 So.2d 179; McBride v. Freeze, 268 N.C. 681, 151 S.E.2d 661.
Defendant had to have actual or constructive notice of the presence of the funeral procession before he could be found liable for plaintiff's damages, and then only if plaintiff was free from contributory negligence. These were factual issues that should have been resolved by the jury.
Defendant objected to the failure of the trial court to instruct on the question of the duty of plaintiff to mitigate her damages. Mitigation of damages must be affirmatively pleaded. R.C.P.Colo. 8(c). This defense was neither raised in the answer or mentioned in the pretrial order. The court was correct in refusing to instruct on this question.
Judgment reversed and remanded with directions that a new trial be held on all issues.
DWYER and DUFFORD, JJ., concur.