498 P.2d 1177 (1972)
Joseph A. UHL, Plaintiff-Appellant,
v.
Samuel E. FOX and Phillip M. Fox, Defendants-Appellees.
No. 71-190.
Colorado Court of Appeals, Div. I.
May 9, 1972.
Rehearing Denied June 6, 1972.
*1178 Clanahan, Tanner, Downing & Knowlton, Richard H. Plock, Jr., Denver, for plaintiff-appellant.
Thompson & Hostetter, Donald P. Hostetter, Denver, for defendants-appellees.
Selected for Official Publication.
SMITH, Judge.
Joseph A. Uhl's complaint against Samuel Fox and Phillip Fox alleges the defendants' breach of a written contract. The trial court subsequent to the taking of evidence found that the plaintiff's claim, filed on June 28, 1968, had accrued on March 7, 1965, and concluded that the claim was barred by the three-year statute of limitations contained in C.R.S.1963, 87-1-8. The order of the court did not specify the grounds for granting the defendants' motion to dismiss, but the parties have stipulated that the dismissal by the trial court was based upon its conclusion that the nature of plaintiff's claim on the contract did not bring it within the statutory exceptions to C.R.S.1963, 87-1-8. The dismissal was error.
The contract in question expressly recognizes the plaintiff's purchase of 153 shares of stock in the Sam Fox Sheet Metal Company and a 10% subordinated note with a face amount of $10,000. By the terms of the contract, the defendants agreed that within 120 days after written demand from the plaintiff, they would repurchase the stock and the note. The contract contains provision for determining the purchase price: the note to be purchased for its face value plus accrued interest to the date of payment and the stock to be purchased at its book value as of the last quarterly statement date preceding the giving of written notice. Alleging that he gave notice and that the 120 day waiting period had expired without the defendants' performing, the plaintiff prayed for specific performance of the contract.
The plaintiff contends that the trial court committed error by failing to rule that the action came under an exception to C.R.S.1963, 87-1-8 contained in C.R.S.1963, 87-1-11(2) or (5). These exceptions permit actions in debt or assumpsit to be commenced within six years of the date upon which they accrue.
Although C.R.C.P. 2 has abolished the common law forms of action, the antiquated language of C.R.S.1963, 87-1-11, compels us to determine what the action would have been in terms of early common law pleading. Hayden v. Patterson, 39 Colo. 15, 88 P. 437. The defendants argue that a matter of equity, such as specific performance, cannot be within the meaning of the terms "debt" or "assumpsit", both of which described actions at law.
At common law, an action in debt was proper where the defendant owed a certain sum. 1 A. Corbin, Contracts § 20. See Hayden v. Patterson, supra. Notwithstanding plaintiff's use of the term specific performance, the action, from the facts as pled, is on a breach of contract wherein the plaintiff seeks a liquidated, determinable amount of money due him from the defendant. This comes within the meaning of C.R.S.1963, 87-1-11(2), which permits an action to be commenced within six years for "actions of debt founded upon any contract . . . ." It was therefore error for the trial court to have held the action barred by C.R.S.1963, 87-1-8.
We reverse and remand for further proceedings not inconsistent herewith.
SILVERSTEIN, C. J., and DWYER, J., concur.