549 P.2d 1087 (1976)
COMFORT HOMES, INC., a Colorado Corporation, Plaintiff-Appellant,
v.
Mr. and Mrs. Carl B. PETERSON, Jr., Defendants-Appellees.
No. 75-232.
Colorado Court of Appeals, Div. III.
April 22, 1976.
*1088 Agee, Fann, Ewing & Goldstein, Peter A. Goldstein, Colorado Springs, for plaintiff appellant.
Murray, Baker & Wendelken, Ben S. Wendelken, Colorado Springs, for defendants appellees.
Selected for Official Publication.
VanCISE, Judge.
This is an action brought by the builder, Comfort Homes, Inc., against the owners, Mr. and Mrs. Carl Peterson, for damages for breach of contract prior to completion of construction. At the conclusion of the builder's case in a trial to the court, the owners' motion to dismiss was granted on the grounds that the builder had failed to prove damages and that the action was barred by the three-year statute of limitations. Contending that the six-year and not the three-year statute applies, and that there was sufficient proof of damages, the builder appeals. We reverse.
In ruling on the owners' motion to dismiss, the trial court summarized the builder's evidence. Roland Davis, the principal officer of the builder, testified that, in May or June of 1967, the parties entered into an oral contract whereby the builder was to supervise the construction of a new home for the owners for a fixed fee of 10 percent of the estimated cost of the completed construction (not the actual cost), such fee to be paid on completion. The estimated cost was $100,000. He further testified that, although the plans and specifications were prepared by an architect, he had spent many hours making drawings and discussing the building with Mr. Peterson, one of the owners. According to Davis, he started construction and had poured a portion of the footings and was putting up a form for a concrete wall, when the architect complained about the form being improperly constructed. Thereafter, Mr. Peterson, the architect and Davis had a meeting, at *1089 which the architect informed the owner that either Davis had to quit or he (the architect) would quit. Later that day, Mr. Peterson fired the builder. The owners had paid all bills for labor and materials up to the time of discharge, but none of the supervisory fee. The owners had asked Davis to devote full time to the supervision of the construction, so the builder had accepted no other work. However, on being fired by the owners, the builder commenced work on a house for another person, construction of which started in September.
Mr. Peterson, called by the builder as an adverse witness, testified that the estimated cost was $80,000, and that he had paid whatever he was billed for. Omitted from the court's summary of testimony was the uncontroverted evidence that the builder's supervisory fee was to be in addition to all out-of-pocket expenses incident to the job, that the builder was terminated July 5, 1967, and that the house was completed by another builder at an actual cost of $117,000.
"Based on such evidence and accepting the [builder's] version of the agreement," the court found that there was no substantial performance of the agreement by the builder, that from the record it appeared that the builder lost some time due to its discharge but that it was impossible (1) to determine how much time it lost, (2) whether its profit was greater or less from the construction of the other house than it would have been from the owners' house, or (3) what the value of the builder's services were for the construction accomplished prior to discharge. From these findings, the court concluded that it could not "determine what amount is necessary to compensate the plaintiff, and can find no evidence upon which the court could predicate any judgment for the [builder]." The motion to dismiss was therefore granted, with each party to pay its own costs.

I.
"Uncertainty as to the amount of damages is not an obstacle in the way of their allowance." Westesen v. Olathe State Bank, 75 Colo. 340, 225 P. 837. Here the evidence established, and the court in effect found, that there was a contract and that the owners had breached it. Even if the builder had failed to establish substantial damages, the court was not justified in withholding all damages and in dismissing the action, since the owners' breach in itself entitled the builder to at least nominal damages. Hoehne Ditch Co. v. John Flood Ditch Co., 76 Colo. 500, 233 P. 167.
Moreover, the uncertainty in the evidence was only as to which of two figures was to be used as the base from which the amount of damages was to be determined. According to the testimony, the builder was to receive, as its fee for supervising the construction, 10 percent of either $80,000 or $100,000, these being the two figures testified to as the estimated cost of construction. As the fact finder, it was incumbent on the court to select the figure it concluded had been better established by the evidence and then to multiply it by 10 percent in order to arrive at the amount of the supervisory fee. Thus, a reasonable basis for calculating the damages resulting from the breach was provided by the evidence. See Colorado National Bank v. Ashcraft, 83 Colo. 136, 263 P. 23.
Furthermore, on the evidence at this stage of the proceedings and the findings thereon, it must be inferred that the builder was prevented by the owners from completing the contract and did not itself commit any breach. In that event, the builder is entitled to recover from the owners damages sufficient to place it in the position in which it would have been had the breach not occurred, Taylor v. Colorado State Bank, 165 Colo. 576, 440 P.2d 772; Coon v. Ginsberg, 32 Colo.App. 206, 509 P. 2d 1293, regardless of the degree of completion of construction at the time of termination. The amount of these damages has been described as the profits which would have been realized on the whole contract, see New Era Homes Corp. v. Forster, 299 N.Y. 303, 86 N.E.2d 757, 22 A.L.R.2d *1090 1338; McConnell v. Corona City Water Co., 149 Cal. 60, 85 P. 929; 13 Am.Jur.2d Building & Construction Contracts § 78, or as the contract price less (1) any payments made by the owners on the contract, and (2) what it would have cost the builder if it had completed the house in accordance with the contract. Restatement of Contracts § 346(2); Colo.J.I. 23:41. In the instant case, since the supervisory fee was to be in addition to any out-of-pocket expenses incurred by the builder, the amount of damages, absent mitigation, is the full supervisory fee. See Fort v. Brighton Ditch Co., 79 Colo. 62, 246 P. 786.
That the builder failed to prove what profits, if any, were realized from the other job during the period when, but for the breach, it would have been working on the Peterson house, is of no consequence. It is not a plaintiff's burden to produce the evidence on which any reduction of damages is to be predicated. Mitigation or failure to mitigate is an affirmative defense to be pleaded by the defendants, C.R.C.P. 8(c); Franklin v. Nolan, 28 Colo.App. 229, 472 P.2d 166, and the burden of proving the same is also on them. Hoehne Ditch Co. v. John Flood Ditch Co., supra; Powell v. Brady, 30 Colo.App. 406, 496 P. 2d 328.

II.
The alleged breach occurred July 5, 1967, and this suit was filed June 26, 1973. The court held that this action is barred by the three-year statute of limitations, § 13-80-107, C.R.S.1973.
However, one of the exceptions to the three-year statute is § 13-80-110, C.R.S. 1973, which provides that "actions of debt founded upon any contract or liability in action" and "actions of assumpsit, or on the case founded on any contract or liability, express or implied" shall be commenced within six years after the accrual of the cause of action. In the instant case, the builder sought a liquidated determinable amount of money due it from the owners, i.e., 10 percent of the estimated cost of the house. It was, therefore, an action of debt founded upon a contract included within the meaning of the six-year statute. See Uhl v. Fox, 31 Colo.App. 13, 498 P.2d 1177.
The judgment is reversed and the cause is remanded with directions to grant a new trial on all issues and to permit the parties to raise additional issues as they may be advised.
RULAND and BERMAN, JJ., concur.