Edward TURLEY, Plaintiff-Appellant and Cross-Appellee,

v.

BALL ASSOCIATES LIMITED, a Colorado Limited Partnership, Sidney Levine and Roi Davis, individually and as partners doing business under the firm name and style of Ball Associates Limited, Defendants-Appellees and Cross-Appellants.

No. 79CA0602.

Colorado Court of Appeals, Div. I.

Aug. 6, 1981.

Rehearing Denied Aug. 27, 1981.

Certiorari Denied Feb. 15, 1982.

Atler, Zall & Haligman, P. C., A. Craig Fleishman, Denver, for plaintiff-appellant and cross-appellee.

Richard L. Dally, Denver, for defendants-appellees and cross-appellants.

VAN CISE, Judge.

This is an action brought by plaintiff, Edward Turley (the buyer), for specific performance of a contract for purchase and sale of an apartment house and for dam-

ages arising from the failure of defendants (sellers) to comply with the contract. From a judgment in his favor for damages only, the buyer appeals, contending that he was entitled to specific performance, that the damages awarded were inadequate, and that he was entitled to attorney's fees under § 13–17–101, C.R.S.1973. Sellers cross-appeal the amount of damages awarded and the ruling allowing buyer to amend his complaint. We reverse.

The contract provided for a $535,000 purchase price, payable $20,000 down and the balance on closing. The deal was contingent on the buyer being able to obtain a commitment for a new first deed of trust loan in the amount of $350,000 with interest not to exceed 9¾% per annum. Sellers agreed to carry back a $50,000 second deed of trust loan bearing 10% per annum interest.

After trial to the court, it found that the buyer had substantially performed all of his contract obligations, and was ready, willing, and able to complete the purchase on the specified closing date. It also determined that the sellers had materially breached the contract, but that the contract "cannot now be specifically performed according to its terms." It therefore denied specific performance and, instead, entered judgment against sellers for the amount it determined to have been the buyer's damages incurred as a result of the sellers' breach of contract.

### I

On appeal, buyer contends that the court erred in denying specific performance. We agree.

■ One of the court's reasons for denying specific performance was its finding that sellers' agreement to carry back $50,-000 constituted an agreement to lend money, which is not specifically enforceable. See Leach v. Fuller, 65 Colo. 68, 173 P. 427 (1918). The rationale behind the ruling in Leach was that specific performance of a simple agreement to lend money was inappropriate because the plaintiff had an adequate remedy at law, i.e., a suit for breach of contract. However, in an action for specific performance of a contract to convey real estate, proof of inadequacy of legal remedy is unnecessary, Prosser v. Schmidt, 118 Colo. 502, 197 P.2d 318 (1948), and the rationale of Leach, supra, does not apply. And, in cases decided since Leach, where the seller has agreed to carry back part of the purchase price in the form of a note and deed of trust, specific performance has been granted. See, e.g., Coppom v. Humphreys, 171 Colo. 410, 467 P.2d 816 (1970); Coulter v. Anderson, 144 Colo. 402, 357 P.2d 76 (1960).

■ The court also denied specific performance because, as a result of sellers' failure to close, the loan commitment at 9¾% had expired and the minimum interest rate available at the time of trial from the bank which made the original commitment was 11¼%. Therefore, the court concluded that, since the contract could not be performed according to its terms, performance had become impossible.

■ However, here, the chief purpose of the contract, conveyance of the real estate, was not rendered impossible and can be enforced. Cf. Atchison v. City of Englewood, 193 Colo. 367, 568 P.2d 13 (1977); Brown v. Lapham, 22 Colo. 264, 44 P. 504 (1896). Relief will not be refused merely because it is impossible to carry out some collateral or subsidiary agreement or condition, such as the specified interest rate, according to its precise terms. Oles v. Wilson, 57 Colo. 246, 141 P. 489 (1914). The effect of the increased interest rate can be remedied by awarding the buyer damages for the differing rate in addition to specific performance. See Chandler Trailer Convoy, Inc. v. Rocky Mountain Mobile Home Towing Services, Inc., 37 Colo.App. 520, 552 P.2d 522 (1976). See also Comfort Homes, Inc. v. Peterson, 37 Colo.App. 516, 549 P.2d 1087 (1976). Cf. Russell v. First American Mortgage Co., 39 Colo.App. 360, 565 P.2d 972 (1977).

### II

■ In buyer's complaint, he asserted that certain documents affixed to the com-

plaint constituted the contract between the parties. However, he failed to incorporate an "extension agreement" which modified the contract. Both parties listed this extension agreement as an exhibit in their pre-trial statements. The pre-trial order, signed by the judge and the attorneys for the parties, listed the agreement as an exhibit and specified the following as an issue for trial:

"Defendants have claimed that there is a dispute as to whether the Plaintiff executed and effectuated an extension agreement. Plaintiff contends that this is a spurious issue and is not truly in dispute between the parties."

On the morning of trial, sellers sought to preclude admission of the extension agreement because it was not incorporated into the complaint. The court denied the motion and further allowed the complaint to be amended during trial by the admission of the agreement.

Contrary to sellers' contention, in view of the liberal provisions of C.R.C.P. 15, we find no error here.

### III

Since specific performance is being ordered, the contentions of the parties as to the propriety of certain items of damages awarded in the appealed judgment will not be addressed. Instead, the judgment for damages is vacated, and the damages are to be redetermined as set forth below.

On remand, the court shall enter a decree for specific performance requiring sellers to convey the property to buyer on payment of the contract price including the $50,000 carryback loan by sellers. At the same time, after a hearing in which new evidence may be presented by both sides in addition to the existing record, damages (which can be applied on the purchase price) shall be determined and awarded to buyer to place him in the position he would have been in had the breach not occurred and the conveyance been made as agreed and had he been the owner from the original closing date. *See Higbie v. Johnson*, Colo.App., 626 P.2d 1147 (1980); *Comfort Homes, Inc. v.*

*Peterson, supra.* He is not entitled to recover for items of expense which would have been incurred by him had the contract been timely performed. *Higbie v. Johnson, supra.* He is entitled to recover for the effect of any changes which have occurred to his detriment, less any changes which have occurred to his benefit, in the period between original closing date and the date of the new hearing, such as an amount equal to the difference between interest payments at the rate of interest prevailing at hearing date and at 9¾% on a $350,000 loan over a period of 30 years, such award reduced to its present value.

In light of the standards set forth in § 13–17–101(3) and § 13–17–102, C.R.S. 1973 (1980 Cum.Supp.), we see no error in the court's refusing to hold that sellers' defense of this action was frivolous.

The judgment is reversed and the cause is remanded to proceed as set forth above.

COYTE and SMITH, JJ., concur.