**Lawrence ROTENBERG, Plaintiff–Appellant,**

v.

**Robert M. RICHARDS, Defendant– Appellee.**

**No. 94CA1358.**

Colorado Court of Appeals, Div. II.

June 15, 1995.

Lawrence Rotenberg, pro se.

Randall M. Calvert, Greenwood Village, for defendant-appellee.

Opinion by Judge CRISWELL.

In this action to collect attorney fees, plaintiff, Lawrence Rotenberg, appeals from the summary judgment entered in favor of defendant, Robert M. Richards, based upon the statute of limitations. We affirm in part, reverse in part, and remand for further proceedings.

In March 1988, plaintiff and defendant entered into a written retainer agreement pursuant to which plaintiff was to represent defendant with respect to defendant's personal injury claim. The agreement provided, generally, that plaintiff would be paid a percentage of the gross amount of money or benefit received by defendant. However, it also provided that, should defendant utilize the services of another attorney (in lieu of plaintiff) before defendant's claim was finally resolved, defendant would pay a fee to plaintiff "at the rate of $100.00 per hour for services rendered."

Plaintiff's complaint, filed in March 1994, alleged that, pursuant to the terms of the retainer agreement, plaintiff performed legal services which included investigating the claim, drafting and filing a court complaint, and obtaining workers' compensation benefits for defendant. In April or May 1988, however, defendant discharged plaintiff from representing him, and on May 12, 1988, plaintiff sent to defendant an itemized statement for $2,265, based on the hours devoted by plaintiff to defendant's cause.

Plaintiff's first claim for relief alleged that defendant had breached the retainer agreement and that plaintiff was entitled to an award of damages for that breach. In his second claim for relief, plaintiff alleged that he was entitled to compensation on the basis of *quantum meruit* for the reasonable value of his services performed on defendant's behalf.

Section 13–80–101(1)(a), C.R.S. (1987 Repl. Vol. 6A) establishes a time limitation of three years for the initiation of "[a]ll contract actions," except "as otherwise provided in section 13–80–103.5 [C.R.S. (1987 Repl.Vol. 6A) ]." Section 13–80–103.5 provides a six-year limitation period for any action "to recover a *liquidated* debt or an *unliquidated, determinable* amount of money due...." (emphasis supplied)

Asserting that neither of plaintiff's claims fell within the type of actions described in § 13–80–103.5, defendant moved for summary judgment because plaintiff commenced this action more than three years after defendant refused to pay the statement that plaintiff had submitted to him. The trial court agreed that both of plaintiff's claims were based upon a breach of contract and that neither was a claim for a liquidated or determinable amount of money. Hence, it dismissed plaintiff's complaint in its entirety.

We agree that a claim based on quantum meruit is not a liquidated claim or one that is for a determinable amount of money. However, we conclude that plaintiff's claim based upon defendant's express agreement to pay him at the rate of $100 per hour is a claim of the nature described in § 13–80–103.5. The latter claim, therefore, is not time-barred.

Section 13–80–101(1)(a) is a statute that generally establishes a three-year limitations period for contract actions. By its express terms, however, it is not applicable to those actions, whether they are based on alleged contract breaches or otherwise, that are governed by six-year period established by § 13–80–103.5. And, the latter statute applies to a claim that is based on a "liquidated debt" or one that, while unliquidated, seeks to recover a "determinable amount of money." Hence, if either of plaintiff's claims is of such a nature, it is this statute, and not § 13–

80–101(1)(a), that establishes the appropriate limitations period. *See Mohawk Green Apartments v. Kramer,* 709 P.2d 955 (Colo. App.1985) (if limitations statute is intended to apply to special cases, it, rather than general statute, controls).

■ Section 13–80–103.5 does not define the terms "liquidated" or "determinable amount of money due." Generally, however, a debt is deemed "liquidated" if the amount due is capable of ascertainment by reference to an agreement or by simple computation. *In re Clark,* 91 B.R. 570 (Bankr.D.Colo.1988).

■ Further, if the amount of a claim is readily calculable or ascertainable, a debtor's dispute of or defenses against such claim, or any setoff or counterclaim interposed to such claim, does not affect the character and classification of that claim as being liquidated. *In re Clark, supra. See also York Plumbing & Heating Co. v. Groussman Investment Co.,* 166 Colo. 382, 443 P.2d 986 (1968) (assertion by defendant of unliquidated setoff does not render plaintiff's otherwise liquidated claim unliquidated); *Asphalt Paving Co. v. United States Fidelity & Guaranty Co.,* 671 P.2d 1013 (Colo.App.1983) (existence of dispute over amount due does not render claim unliquidated).

Prior to the adoption of §§ 5–12–102(1) and 5–12–102(3), C.R.S. (1992 Repl.Vol. 2), which now authorize the award of prejudgment interest in certain instances even though the amount of the claim is unliquidated, such prejudgment interest could be awarded only if the claim was liquidated. *Moreland v. Austin,* 138 Colo. 78, 330 P.2d 136 (1958). For an exhaustive collection of the cases on the subject, *see Davis Cattle Co. v. Great Western Sugar Co.,* 393 F.Supp. 1165 (D.Colo.1975), *aff'd* 544 F.2d 436 (10th Cir.1976), *cert. denied,* 429 U.S. 1094, 97 S.Ct. 1109, 51 L.Ed.2d 541 (1977). Hence, a review of the type of claims that was considered to be liquidated for the purpose of awarding pre-judgment interest is instructive to us here.

Restatement (Second) of Contracts § 354, comment c (1981) says that, for this purpose, a claim is liquidated if its amount can be ascertained with reasonable certainty so that

the debtor could have made a reasonable tender of the amount due. And, the amount is sufficiently definite:

> if it is ascertainable from the terms of the contract, *as where the contract fixes a price per unit of performance, even though the number of units performed must be proved and is subject to dispute.* (emphasis supplied)

■ Hence, if the written document sets forth a specific method for *determining* the amount due, the fact that reference must be made to a fact external to that document does not make a claim under that document unliquidated for purposes of the award of prejudgment interest.

In *Hayes v. North Table Mountain Corp.*, 43 Colo.App. 467, 608 P.2d 830 (1979), for example, a claim for a broker's commission based upon a percentage of the purchase price of realty was determined to be a liquidated claim, although evidence from outside the agreement was required to establish the amount of the purchase price.

This same consideration has been relied upon to classify a claim as liquidated for purposes of the statute of limitations.

In *Uhl v. Fox*, 31 Colo.App. 13, 498 P.2d 1177 (1972), a written agreement for the sale of corporate stock established the sales price as the book value of that stock, as reflected in the quarterly financial statement that was to be issued at some date in the future. While it was necessary to establish such book value by extrinsic evidence, a claim for violation of the promise to buy was a liquidated claim.

Similarly, in *Comfort Homes, Inc. v. Peterson*, 37 Colo.App. 516, 519, 549 P.2d 1087, 1090 (1976), the contract called for payment of a specific percentage of the estimated cost of the construction of a structure. Although the parties disagreed as to the amount of the relevant estimated cost, the claim was held to be one for a "liquidated determinable amount of money due."

■ The same is true here with respect to plaintiff's claim based upon the express provisions of the retainer agreement. That agreement called for payment based upon $100 per hour for services rendered to defen-

dant by plaintiff. While defendant may contest the number of hours plaintiff reasonably devoted to his cause, the amount is "determinable" within the meaning of § 13–80–103.5 once such dispute is resolved. *See Comfort Homes, Inc. v. Peterson, supra.* Hence, it is the six-year period established by that statute and not § 13–80–101(1)(a) that is the period within which plaintiff had to assert his claim based on the express contract. And, because plaintiff filed his complaint within such period, that claim is not time-barred.

■ On the other hand, a claim based upon *quantum meruit*, as was plaintiff's second claim here, asks not for a specific, determinable amount. It seeks only reasonable compensation for the services rendered in an amount to be determined by the fact finder. Such compensation is not "determinable," but rather is unliquidated for the purpose of awarding prejudgment interest. *Hunter v. Wilson*, 147 Colo. 36, 362 P.2d 553 (1961). And, because we have determined that the same concept is equally applicable for both purposes, we conclude that such a claim is also not liquidated or determinable for purposes of § 13–80–103.5. Hence, the trial court properly dismissed this claim as barred by § 13–80–101(1)(a).

That portion of the judgment dismissing plaintiff's claim based on *quantum meruit* is affirmed; that part of the judgment dismissing the claim based on the specific terms of the retainer agreement is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

BRIGGS and ROY, JJ., concur.