Claude **FISHBURN**, Darryle C. Jones, Russell Martinez, James A. Mazzocco, Donald R. Nelson, Robert Perkins, Gerry Ridgeway, Robert C. Thompson, and Lawrence E. Tucker, Jr., Plaintiffs–Appellants,

v.

**CITY OF COLORADO SPRINGS,** Defendant–Appellee.

No. 94CA2075.

Colorado Court of Appeals, Div. III.

Nov. 9, 1995.

Rehearing Denied Dec. 14, 1995.

Certiorari Denied July 15, 1996.

Cornish and Dell'Olio, Donna Dell'Olio, Colorado Springs, for Plaintiffs–Appellants.

James C. Colvin II, City Attorney, Stacy L. Rouse, Senior Litigation Attorney, Colorado Springs, for Defendant–Appellee.

Opinion by Judge BRIGGS.

Plaintiffs, nine employees and former employees of defendant, City of Colorado Springs (city), appeal a partial summary judgment dismissing as untimely their claims for breach of contract. We reverse and remand the cause for further proceedings consistent with this opinion.

Twenty-six employees or former employees of the city's water department, including these plaintiffs, filed an action alleging that they were offered employment upon terms and conditions set forth in the city's Personnel Policies and Procedures Manual. The Manual included a provision that non-exempt employees assigned to a standby schedule would be compensated for those off-duty hours spent on standby at a rate of 25% of base hourly salary. Plaintiffs alleged that they were non-exempt employees, that they had been assigned at different times to standby schedules, and that they had not been paid for those hours, in breach of their employment contracts.

The city moved for partial summary judgment on the grounds that certain claims, including those for breach of contract by these plaintiffs, were barred by the two-year statute of limitations contained in the governmental entity limitations statute, § 13–80–102(1)(h), C.R.S. (1987 Repl.Vol. 6A). Plaintiffs argued that the three-year statute of limitations for contract actions, § 13–80–101(1)(a), C.R.S. (1995 Cum.Supp.), and by extension, an exception to that statute, § 13–80–103.5(1)(a), C.R.S. (1987 Repl.Vol. 6A), which establishes a six-year limitation period for actions to recover a liquidated debt or an unliquidated, determinable amount of money due, should apply.

The trial court held that the General Assembly intended the two-year limitation period to apply. It therefore granted the city's summary judgment motion and dismissed the claims that fell outside the two-year limitation period, including those of plaintiffs.

## I.

Section 13–80–102(1), C.R.S. (1987 Repl.Vol. 6A) provides in pertinent part:

The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within two years after the cause of action accrues, and not thereafter:

. . . .

(h) All actions against any public or governmental entity or any employee of a public or governmental entity, except as otherwise provided in this section or section 13–80–103. . . .

That part of § 13–80–101(1), C.R.S. (1987 Repl.Vol. 6A) arguably applicable here provides:

The following civil actions, *regardless of the theory upon which suit is brought, or against whom suit is brought,* shall be commenced within three years after the cause of action accrues, and not thereafter:

(a) All contract actions . . . except as otherwise provided in section 13–80–103.5. . . . (emphases added)

Section 13–80–103.5, C.R.S. (1987 Repl.Vol. 6A) in turn states in pertinent part:

(1) The following actions shall be commenced within six years after the cause of action accrues, and not thereafter:

(a) All actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action. . . .

Because claims within § 13–80–103.5(1)(a) are an excepted subset of claims within § 13–80–101(1)(a), we must first determine whether the three-year limitation period in § 13–80–101(1)(a) or the two-year limitation period in § 13–80–102(1)(h) would apply without consideration of the exception. If we conclude that the three-year limitation period would otherwise be applicable, we must then determine whether it or the six-year limitation period in § 13–80–103.5(1)(a) applies.

Both § 13–80–102(1)(h) and § 13–80–101(1)(a) appear to be applicable in this case, and the language of the statutes does not establish which is controlling. Thus, our

task is to construe the statutes so as to give effect to the legislative intent. *See Regional Transportation District v. Voss,* 890 P.2d 663 (Colo.1995); *Dawson v. Reider,* 872 P.2d 212 (Colo.1994).

Using the supreme court's analysis in *Regional Transportation District v. Voss, supra,* and *Dawson v. Reider, supra,* we turn first to the following accepted rules of statutory construction and determine which, if any, are applicable: (1) a later-enacted statute should be applied over an earlier-enacted statute; (2) the more specific of two applicable statutes should be applied; and (3) the longer of two applicable periods of limitation should be applied.

The principle that a later-enacted statute controls over an earlier-enacted statute is not helpful because both § 13–80–102 and § 13–80–101 were repealed and reenacted by the General Assembly in 1986. Likewise, the rule of specificity is not helpful because one statute, § 13–80–102(1)(h), is defined in terms of the class of defendants and the other, § 13–80–101(1)(a), in terms of the type of civil action, "regardless of ... against whom the suit is brought." Thus, the only applicable rule to guide us is that the longer period of limitation should prevail over the shorter. *See Regional Transportation District v. Voss, supra.*

■ Legislative history may be considered in resolving an ambiguity in the application of two statutes. *See* § 2–4–203(1)(c), C.R.S. (1980 Repl.Vol. 1B). However, nothing in the legislative history directly addresses whether one statute or the other should be controlling in the circumstances presented here. This leaves for consideration issues of public policy.

The conclusion that the two-year period for actions against a governmental entity does not apply is at least somewhat buttressed by "notions of fairness." *See Regional Transportation District v. Voss, supra,* 890 P.2d at 669. A contrary result would allow a governmental entity to bring a contract claim against a nongovernmental entity within a three-year or longer period while a nongovernmental entity would be required to bring a similar claim against a governmental entity within a two-year period. *Cf. City of Colora-*

*do Springs v. Timberlane Associates,* 824 P.2d 776 (Colo.1992) (six-year statute of limitations for actions on debt applied against city in its suit for breach of contract).

We therefore conclude that the shorter two-year limitation period of § 13–80–102(1)(h) is not applicable to the contract claims brought by plaintiffs against the city. Because at least some of those claims fall outside of even the three-year limitation period set forth in § 13–80–101(1)(a), we must next determine whether it or the exception to it contained in § 13–80–103.5(1)(a) applies to those claims.

## II.

■ Plaintiffs contend that the exception to § 13–80–101(1)(a) set forth in § 13–80–103.5(1)(a), which provides a six-year limitation period, applies to their claims because they seek to recover a liquidated debt or a determinable amount of money due. We again agree.

The six-year limitation period established by § 13–80–103.5(1)(a) applies to actions to recover "a liquidated debt or an unliquidated, determinable amount of money due." Under the express exception in § 13–80–101(1)(a) for such actions, if plaintiffs' claim is for a liquidated debt or a determinable amount of money, § 13–80–103.5(1)(a) applies even though it is an action based on a contract.

■ In *Rotenberg v. Richards,* 899 P.2d 365 (Colo.App.1995), a division of this court applied the six-year statute of limitations to a retainer agreement between an attorney and a client. The division determined that, for purposes of this statute, a claim is "liquidated" if the amount due can be determined by reference to an agreement or by simple calculation. Hence, if the agreement provides a method for determining the amount due, the claim is not "unliquidated" merely because reference must be made to a fact external to the agreement. The division concluded that the amount owed to the attorney was liquidated or determinable within the meaning of § 13–80–103.5(1)(a), even though a reasonable number of hours for work on the client's case had to be determined.

The same reasoning leads to the conclusion that the amounts due on plaintiffs' claims are liquidated or determinable within the meaning of § 13–80–103.5(1)(a). While the city may contest the merits of a claim or the number of hours for which compensation may be owing to each plaintiff, under the *Rotenberg* rationale, this does not make the claim unliquidated or indeterminable within the meaning of the statute. Hence, it is the six-year period established by § 13–80–103.5(1)(a) that is the period within which plaintiffs had to assert their claims for breach of contract. *See also Uhl v. Fox*, 31 Colo.App. 13, 498 P.2d 1177 (1972).

We do not address whether the trial court erred in dismissing any claims other than the claims by plaintiffs for breach of contract because no other claims have been raised in this appeal.

The judgment is reversed, and the cause is remanded to the trial court for proceedings consistent with this opinion.

JONES and RULAND, JJ., concur.