Robert M. TAFOYA, Plaintiff–Appellee and Cross–Appellant,

v.

Dee S. PERKINS, individually, and as the Personal Representative of the Estate of Eugene Perkins, Defendant–Appellant and Cross–Appellee.

No. 95CA0408.

Colorado Court of Appeals,
Div. IV.

July 11, 1996.

As Modified on Denial of Rehearing
Aug. 8, 1996.
Certiorari Denied March 10, 1997.

Flynn McKenna Wright & Karsh, LLC, James T. Flynn, Colorado Springs, for Plaintiff–Appellee and Cross–Appellant.

Wittman & McCord, Edward M. McCord, Colorado Springs, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge BRIGGS.

Defendant, Dee S. Perkins, individually, and as personal representative of the estate of Eugene Perkins, appeals the judgment of the trial court awarding plaintiff, Robert M. Tafoya, a share of the proceeds from the sale of an apartment complex which was the subject of a partnership agreement between the parties. Defendant contends plaintiff did not file his complaint within the applicable statute of limitations. Plaintiff cross-appeals, contending that the court erred in its calculation of plaintiff's share of the proceeds. Because we conclude that the applicable statute of limitations bars this action, we reverse.

Plaintiff and defendant, who are brother and sister, along with Eugene Perkins, defendant's husband, in 1977 became partners in a real estate venture involving an apartment complex. The husband had purchased the apartments and did not want to manage them. Accordingly, the partnership agreement provided that the husband would hold title in his name, contribute all necessary capital, and make the final decision on all financial and operational matters; defendant would keep the books and assist in management of the apartments; and plaintiff would live at, manage, and maintain the apartments. Plaintiff and defendant each would receive a salary. After all capital contributions of the husband were repaid, with interest, he would deed the apartment property to plaintiff and defendant, as tenants in common.

Two years later the apartment complex was sold, and the partnership took back a ten-year promissory note with a balloon payment due in 1989. Ten years later, when the balloon payment came due, the buyers defaulted on the loan, and defendant's husband again purchased the apartments at a foreclosure sale. As a result of a decline in both the condition of the apartments and the local real estate market, the value of the apartments in May 1989 was less than the total of the husband's capital contributions and the partnership's debt.

In December 1989, because of continuing losses, defendant's husband served on the parties a Notice of Termination of the Partnership. The trial court found that, in the same month, plaintiff ceased to be associated in the carrying on of the partnership business. Then in July 1990, the husband died. The trial court concluded that each of these events was sufficient to dissolve the partnership and that at each of these times neither plaintiff nor defendant had any equity in the partnership.

Defendant nevertheless continued to manage the apartment complex after her husband's death until January 1994, when she sold the property for a profit. The trial court found that the increase in value was due both to defendant's services and to improvement in the local real estate market.

Plaintiff filed his complaint just before the sale of the property, alleging an interest in the proceeds. The claims for relief included claims for breach of fiduciary duty and to quiet title. The request for relief asked, among other things, for an accounting.

After a bench trial, the court issued a written order and an amended order. Although at one point in the amended order the court characterized defendant's attempt to keep the proceeds of the sale as an "attempted" breach of her fiduciary duty, the court did not amend the express finding in its initial order that none of the partners breached any fiduciary duties to one another. That finding is not challenged on appeal.

The trial court found no breach of a fiduciary duty, but nevertheless concluded that plaintiff was entitled to an accounting, found that any statute of limitations on a claim for an accounting began to run only upon completion of the winding up of the partnership in January 1994, and awarded plaintiff a share of the proceeds in the apartment complex resulting from the sale. This appeal followed.

■ Defendant contends, among other things, that a claim for an accounting is barred by the applicable statute of limitations. We agree.

Section 7–60–129, C.R.S (1986 Repl. Vol. 3A) of the Uniform Partnership Law (the Act) provides that:

The dissolution of any partnership is the change in relation of the partners caused

by any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business.

Under this section, when a partner withdraws from the business, the partnership is dissolved as to that party. However, the remaining partners may elect to continue operating as a partnership. *Wester & Co. v. Nestle*, 669 P.2d 1046 (Colo.App.1983).

Section 7–60–143, C.R.S. (1986 Repl. Vol. 3A) of the Act states as follows:

> The right to an account of his interest shall accrue to any partner or his legal representative, as against the winding up partners, the surviving partners, or the person or partnership continuing the business at the date of dissolution, in the absence of any agreement to the contrary.

*See also* § 7–60–122, C.R.S. (1986 Repl. Vol. 3A).

■ Courts have reached varying conclusions, depending on the circumstances, about when a statute of limitations begins to run on a claim seeking an accounting. *See generally* J. Crane & A. Bromberg, *Law of Partnership* § 87 (1968); R. Donaldson, Annotation, *When Statute of Limitations Commences to Run on Right to Partnership Accounting*, 44 A.L.R.4th 678 (1986). However, §§ 7–60–129 and 7–60–143, taken together, provide that, absent an agreement to the contrary, at least in the circumstances of a withdrawing partner seeking an accounting against any partners winding up or continuing the business, the cause of action accrues on the date the withdrawing partner ceases to be associated with the business, resulting in dissolution of the partnership. *See generally* J. Crane & A. Bromberg, *Law of Partnership, supra,* § 87 at 499–500 ("For an action against a surviving partner or liquidating partner, as stated in the Uniform Act, the statute begins to run on the date of dissolution."). Hence, regardless of the legal effect of the husband's notice of termination or his later death, once plaintiff himself ceased to be associated with the partnership, not only did this dissolve any still-existing partnership, it also caused the statute of limitations to begin to run on his own claim for an accounting against defendant.

■ The Act does not set forth or specify the applicable statute of limitations. *See generally* A. Bromberg & L. Ribstein, *Bromberg & Ribstein on Partnership* § 7.09 (1996). Nor does any statute of limitations specifically address an action for partnership accounting. We therefore conclude that the applicable statute of limitations is § 13–80–102(1)(i), C.R.S. (1987 Repl. Vol 6A), which sets forth a two-year "catch-all" period of limitations for "all other actions of every kind for which no other period of limitation is provided."

■ We do not agree with plaintiff's suggestion that, because the action is one to "recover ... an unliquidated, determinable amount of money due" him, the appropriate statute of limitations for this action is six years under § 13–80–103.5, C.R.S. (1987 Repl. Vol. 6A). Because the amount due from the accounting was not capable of ascertainment by reference to the partnership agreement or by a simple computation derived from the agreement, that statute does not apply. *See Rotenberg v. Richards*, 899 P.2d 365 (Colo.App.1995); *see also Fishburn v. City of Colorado Springs*, 919 P.2d 847 (Colo.App.1995).

■ We likewise reject plaintiff's contention that the applicable statute of limitations is that applying to quiet title actions. The complaint did include a claim for quiet title. However, after the complaint was filed the property was sold. Therefore, while the seven-year statute of limitations under § 38–41–108 or 38–41–111, C.R.S. (1982 Repl. Vol. 16A) may have been applicable to the quiet title claim, that claim is now moot.

The trial court found that plaintiff ceased to be associated with the partnership in 1989, causing a dissolution of the then-existing partnership. That finding is not challenged on appeal. Plaintiff did not file his complaint until January of 1994. As a result, his claim for an accounting is not timely because it falls outside the two-year period of limitation in § 13–80–102(1)(i).

Because of our resolution of the statute of limitations issue we find it unnecessary to

address defendant's other arguments on appeal and plaintiff's argument on cross-appeal.

Judgment reversed.

DAVIDSON and TAUBMAN, JJ., concur.