No. 15,164.

NORMAN v. BOYER.
(143 P. [2d] 1017)

Decided December 6, 1943.

Mr. A. W. McHENDRIE, Mr. C. FRED BARNARD, for plaintiff in error.

Messrs. DEVINE, PRESTON & PETERSON, Messrs. WINSOR & BOYER, for defendant in error.

*En Banc.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a suit in equity brought by Dr. J. Sims Norman, against Dr. David W. Boyer, to restrain and enjoin the latter from practicing his profession as a physician and surgeon in Pueblo county, Colorado, in violation of a covenant set forth in a written partnership agreement entered into between them June 1, 1937, wherein Boyer stipulated that he would not engage in such practice in Pueblo county for a period of five years following the termination of the agreement. The trial court refused to grant the injunction on the ground that Norman's conduct in not bringing suit for over two years after his cause of action arose constituted laches, and adjudged dismissal. Counsel for Norman urge the impropriety of that judgment upon the ground indicated as the sole issue on this writ of error, while counsel for Boyer urge

cross error on the court's unfavorable ruling on their defenses under a subsequent oral modification and Dr. Norman's failure to fully perform his obligations under the agreement as modified. Because of the view we take of the case, we deem it unnecessary to consider the cross specification of points.

Under the original agreement, dated June 1, 1937, the parties, having mutual confidence each in the other, entered into a partnership for the purpose of carrying on "the general practice of orthopedic surgery and fractures" in Pueblo county. The partnership was to continue "until terminated by the death of either of said parties or otherwise, as hereinafter provided," and the place of business was to be in the Thatcher Building in Pueblo. Provision was made for the sharing of each in the proceeds, and the time and manner in which the same were to be paid. The agreement could be terminated by either party, on the giving of ninety days' notice to the other, for any reason, and, finally, paragraph 12 thereof provided: "In the event that this agreement shall be terminated for any reason except on account of the death of the first party or his retirement from practice in the County of Pueblo, State of Colorado, party of the second part [Boyer] hereby agrees not to practice or engage, either directly or indirectly, in the practice of medicine or surgery in Pueblo County, Colorado, for a period of five (5) years after the termination or cancellation of this said agreement unless the written consent is first secured from said [Norman] party of the first part." There is no dispute concerning the date of the termination of the agreement, June 19, 1939.

In addition to their office in the Thatcher Building, the parties had an office at the Corwin Hospital, which was operated by the Colorado Fuel and Iron Corporation for the benefit of its employees, where the physicians could receive their private patients and care for them if and when accommodations were available.

Dr. Norman was a member of the staff of the Corwin Hospital on June 1, 1937, and continued as such until his resignation June 19, 1939. He had been instrumental in having Dr. Boyer appointed to the staff also, and we mention in this connection that the present litigation resulted from Dr. Boyer's refusal to leave the hospital staff with Dr. Norman and devote his time to the partnership practice in the Thatcher Building office. In any event, Dr. Boyer remained on the hospital staff and engaged in private practice as well, with substantial success, because, subsequent to June 19, 1939, up to the time this action was instituted, the record shows he had obligated himself, after making substantial down payments, to pay $12,000 in addition, for a new home and farm, and incurred other obligations on the anticipated returns from the practice of his profession, based upon earnings theretofore received. In support of its conclusion in the matter of laches the court found: "That no showing was made by the plaintiff [Norman] that he would receive any benefit by enjoining the defendant from the practice of his profession in Pueblo County until June 1, 1944." "That for more than two years plaintiff with personal notice and full knowledge, stood by and permitted defendant [Boyer] to engage in and carry on a practice in violation of the restrictive covenant, or paragraph 12 in the original agreement; that after having such notice and knowledge of defendant's conduct, plaintiff did not object to defendant practicing, or commence this suit after the cause of action arose, within, what seems to the Court under all the attending circumstances, a reasonable time; that plaintiff's failure to object to defendant's practice and conduct, his unexplained apparent acquiescence therein, if not his implied consent thereto, and his delay in bringing suit against defendant until August 9, 1941, or to show some excuse for not doing so at an earlier date, amount to and constitute laches on the part of the plaintiff amply sufficient, in the opinion of the Court, to bar this action,

and that this issue is found in favor of the defendant and against the plaintiff." "That a showing was made by the defendant that he will suffer considerable injury and serious detriment if not an injustice in the event the relief sought by plaintiff is granted."

 The parties are agreed on the general principles of law here applicable. Mere delay, short of the running of the statute of limitations does not of itself constitute laches. *Great West Min. Co. v. Woodmas of Alston Min. Co.,* 12 Colo. 46, 20 Pac. 771; *Sears v. Hicklin,* 13 Colo. 143, 21 Pac. 1022; *Dunne v. Stotesbury,* 16 Colo. 89, 26 Pac. 333; *Warren v. Adams,* 19 Colo. 515, 36 Pac. 604; *Arkins v. Arkins,* 20 Colo. App. 123, 77 Pac. 256; *Minnesota Mutual Investment Co. v. McGirr,* 263 Fed. 847; *Standard Oil Company of Colorado v. Standard Oil Co.,* 72 F. (2d) 524. Laches, however, is available as a defense when as a part of or during the delay, "such changes have taken place in the position of the parties, relative to the subject matter of the litigation, as to render it inequitable to permit the enforcement of rights, concerning which otherwise there might be no difficulty." *Du Bois v. Clark,* 12 Colo. App. 220, 231, 55 Pac. 750. We have cited this Du Bois case with approval on numerous occasions, latterly, in *Conrad v. Scott,* 86 Colo. 115, 278 Pac. 798.

Counsel for Norman rely upon the case of *Freudenthal v. Espey,* 45 Colo. 488, 102 Pac. 280, as being "on all fours with the case at bar"; but there is an important distinction between that case and the present one, in that the defense of laches was not urged there, whereas counsel say the issue of laches is the only one in this proceeding; hence the conclusion is inescapable that the Freudenthal case is not controlling here.

Aside from that, counsels' contentions are that, admitting that changes took place in the position of the parties that might be burdensome to Boyer, the changes were not "relative to the subject matter of the litigation" (*Du Bois v. Clark,* supra), and that Boyer did not

change his position with regard to the subject matter during any period of delay. We do not agree with these contentions. It seems obvious that the subject matter of the litigation was Dr. Boyer's right to practice his profession in the locality mentioned after the termination of the agreement, with which the restrictive clause therein deals exclusively. The sole purpose of this suit in equity was to enforce that covenant, and the evidence is undisputed that Dr. Boyer changed his financial position substantially by virtue of Dr. Norman's apparent acquiescence in his resumption of his personal practice, if not his implied consent thereto, as the trial court found, all within the rule announced in the Du Bois case, that, "If while the injured party is unnecessarily inactive, interests of third persons have attached, or the other party, on the faith of an apparent situation, the reality of which he had no reason to doubt, has so changed his position that, if existing conditions were disturbed, he would suffer injury, the delay is chargeable as laches, and, in equity, the consequence of the laches is the loss of the remedy."

No explanation is offered by Dr. Norman for his delay in bringing this action. Unexplained delay in instituting a suit in equity to enjoin the violation of the terms of an agreement will defeat an action for the relief sought, and unexplained acquiescence by the plaintiff in an invasion of his rights by defendant may be held to bar the maintenance of suit. 19 Am. Jur. 347.

The above disposes of the issue, which as already indicated, counsel for Dr. Norman urge is the only one in the case, and, having resolved that issue in harmony with the judgment below, we need not consider the cross specification of points.

The judgment is affirmed.

Mr. Justice Goudy not participating.