**TRUSTEES OF the UNITED ASSOCIATION FULL–TIME SALARIED OFFICERS AND EMPLOYEES OF LOCAL UNIONS, DISTRICT COUNCILS, STATE AND PROVINCIAL ASSOCIATIONS PENSION PLAN, Plaintiffs,**

v.

**STEAMFITTERS LOCAL UNION 395, Defendant.**

**Civ. A. No. 84–0567.**

United States District Court, District of Columbia.

Aug. 1, 1986.

Sally M. Armstrong, O'Donoghue & O'Donoghue, Washington, D.C., for plaintiffs.

Lawrence S. Lapidus, Washington, D.C., for defendant.

## MEMORANDUM OPINION

### (Granting Plaintiffs' Motion for Summary Judgment)

BARRINGTON D. PARKER, Senior District Judge:

This case arises under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 (1982), and section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 (1982). Plaintiffs are trustees of a pension fund ("Fund") established for the benefit of employees of local unions of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("United Association"). Defendant is Local 395 of the Steamfitters Union, an affiliate of United Association. Plaintiffs claim that defendant owes the Fund past due contributions on behalf of a former employee.

The matter came before a United States Magistrate on cross-motions for summary judgment. The parties have taken cross-appeals from the Magistrate's Report and Recommendation on the motions to this Court. For the reasons set forth below, the Court affirms in part and reverses in part the Magistrate's findings.

## BACKGROUND

Effective January 1, 1967, the United Association established the Fund pursuant to the United Association Constitution. Section 41(b) of the Constitution provides that all "full-time, salaried officers and employees" are eligible for coverage and that the general officers of the Fund are authorized to establish all of its terms and conditions. Accordingly, an Agreement and Declaration of Trust was promulgated, which establishes certain guidelines governing the operation of the Fund. The Agreement defines a "full-time" employee to be anyone receiving a salary of more than $2,000 per year. "Salary" is defined as gross wages minus certain deductions. The Agreement further provides that an "officer" may be either an elected or appointed official. The operative terms and eligibility requirements of the Fund were provided in a December 30, 1966 letter sent to the United Association locals. That letter indicated that, while employees of welfare or pension funds—rather than of the locals—were not entitled to Fund coverage ordinarily, they would be so covered if, exclusive of remuneration from the welfare or pension fund, they received at least $2,000 per year for work done for a local.

From 1967 to 1983, defendant employed Donald Blair as its business agent. From November 1968 until August 1982, defendant also employed Karl Gaiser as an assistant business agent. Mr. Gaiser also worked part-time for the Fund. While defendant remitted Fund contributions for Mr. Blair, they neither made contributions for Gaiser nor listed him as an eligible employee on its contribution reports. When Mr. Gaiser left defendant's employment, he contacted the Fund through a lawyer and inquired about pension benefits. Alerted to the possible existence of an additional covered employee, the Fund made inquiry of defendant. Upon receiving further information the Fund demanded contribution reports and past due payments for Mr. Gaiser. Defendant responded by asserting that it did not believe that Mr. Gaiser was a covered employee and that, in any event, it felt that Gaiser's eligibility for a pension from the Fund was somehow independent from its obligation to contribute to the Fund on his behalf.

In its briefs before the Magistrate and this Court, defendant asserts that its obligation to contribute to the Fund is governed solely by the United Association Constitution, and not by the Trust Agreement. Under its view of Section 41(b) of the Constitution, Mr. Gaiser was not a covered employee. Moreover, argues defendant, plaintiffs' claims are barred by the applicable statute of limitations. Plaintiffs, in turn, counter that the Constitution vests authority to interpret Section 41(b) solely in

the Fund officers and that the statute of limitations was tolled by defendant's fraudulent concealment of Gaiser's employment.

## THE MAGISTRATE'S REPORT AND RECOMMENDATION

### A. Tolling the Statute of Limitations

■ In reviewing plaintiffs' claim that the applicable statute of limitations[1] was tolled by defendant's concealment of Gaiser's employment, the Magistrate quite properly looked to the three elements of the fraudulent concealment doctrine, as set forth in *Hobson v. Wilson*, 737 F.2d 1 (D.C.Cir.1984), *cert. denied sub nom. Brennan v. Hobson*, —— U.S. ——, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985). These elements are (1) some fraudulent or deceptive course of conduct on defendant's part designed to conceal facts underlying plaintiffs' cause of action; (2) plaintiffs' unawareness of those facts; and (3) plaintiffs' exercise of due diligence in an effort to uncover their claim. *Id.* at 33–36.

### 1. Fraudulent or deceptive conduct

The Magistrate assumed that defendant's conduct fell into that class of wrongs described in *Hobson* as being "self-concealing." *See* 737 F.2d at 33. In particular, she found that the submission of remittance reports listing only Mr. Blair as a covered employee constituted misleading and deceptive information, amounting to fraudulent concealment under the rationale of *Waggoner v. Dallaire*, 649 F.2d 1362, 1368 (9th Cir.1981). The Magistrate found that such misinformation, regardless of defendant's actual intent, was enough to establish the first element of plaintiffs' fraudulent concealment claim.

### 2. Plaintiffs' lack of notice and exercise of due diligence

The Magistrate apparently dealt with the notice and due diligence elements of plaintiffs' fraudulent concealment claim together, denying summary judgment on those issues. She noted that an IRS Form 5300, forwarded to the Fund in 1977, listed *two* individuals as being employed by defendant. She also considered defendant's allegation that on several occasions Gaiser met and corresponded with officials of United Association. These facts, she concluded, prevented entry of summary judgment on the tolling issue for either party.

### B. Liability on the Underlying Claim

As to defendant's liability on plaintiffs' claim that it owed past due contributions on Mr. Gaiser's behalf,[2] the Magistrate concluded that summary judgment should be entered for plaintiffs. She based this conclusion on the fact that the United Association Constitution empowered Fund officers to determine eligibility requirements. The Magistrate specifically rejected defendant's arguments that the December 1966 letter sent by the Fund was unclear as to those requirements and that, alternatively, defendant was not bound by the conditions established in the Trust Agreement.

In reaching that conclusion, the Magistrate relied upon the terms of the United Association Constitution, presumably Section 41(b). That Section specifically provides that the determination of the terms and conditions of the Fund were the province of the Fund officials, not the locals. She also examined the eligibility requirements set forth in the December 1966 Fund letter and found that they expressly pro-

---

1. The Magistrate found, and the parties concede, that D.C.Code § 12–301(7) is the applicable statute of limitations. That section provides a three-year limitations period for actions sounding in contract. By analogy, that provision properly applies to a claim under ERISA § 502 and LMRA § 301. *See, e.g., Jenkins v. Local 705, Int'l Bhd. of Teamsters Pension Plan*, 713 F.2d 247, 252 (7th Cir.1983) (claim under ERISA § 502 analogized to state law contract claim); *cf. West v. ITT Continental Baking Co.*, 683 F.2d 845, 846 (4th Cir.1982) (limitations period for oral contract applied to claim for wrongful discharge under LMRA § 301).

2. The Magistrate also noted that defendant appeared to have employed still other eligible employees for whom contributions were not made. Accordingly, she suggested that post-judgment proceedings to determine what amounts are owed may be required.

vide, contrary to defendant's assertions, that an individual who is employed both by a local and by a pension or welfare fund is covered under the Fund if, apart from remuneration from the pension or welfare fund, he receives more than $2,000 per year from the local. She found conclusively that Mr. Gaiser met those criteria. Accordingly, she recommended entry of summary judgment for plaintiffs on the merits.

Both parties appealed the Magistrate's decision. Plaintiffs maintain that the Magistrate erred in finding that there remained disputed issues of material fact preventing entry of summary judgment for them on the statute of limitations issue. Defendant contends that the Magistrate erred in finding that plaintiffs succeeded in demonstrating, as a matter of law, that defendant had engaged in conduct designed to fraudulently conceal a potential cause of action. Defendant also argues that the Magistrate's recommendation that summary judgment be entered for plaintiffs on the merits was erroneous.

## ANALYSIS

### A. Statute of Limitations

#### 1. Fraudulent or deceptive conduct

■ Defendant argues that the Magistrate erred in concluding that it had engaged in a fraudulent or deceptive course of conduct designed to mask plaintiffs' cause of action. Citing *Hobson* and related cases, defendant maintains that, for purposes of proving fraudulent concealment, intent may not be presumed but, rather, must be demonstrated explicitly. Yet the very cases cited by defendant belie that proposition. In *Hobson,* the court stressed that, apart from "affirmative concealment," the "construction of a scheme which is by its nature unknowable" could satisfy the fraud element of tolling doctrine. 737 F.2d at 34. A "misleading" scheme "designed to mask the existence of a cause of action" would be all that is needed. *Id.* Utterance of a single falsehood would suffice. *Id.* at 34–35.

With these principles in mind, the Magistrate was quite correct in relying upon the reasoning of *Waggoner* in holding that the submission of a misleading report is, absent notice of facts contradicting it, sufficient to conceal a cause of action. Defendant counters that the 1977 IRS Form 5300 indicates that it employed two individuals. That form, however, also suggested that 100 percent of eligible employees were participating in the Fund. That information, combined with the submission of reports the remittance of monies on behalf only of Mr. Blair, could only have had the effect of misleading the Fund officers as to the number of *eligible* individuals employed.

As the Magistrate concluded, the net effect of defendant's submissions was to prevent the Fund officers from discovering that defendant was employing an eligible employee in addition to Mr. Blair. Accordingly, her conclusion that plaintiffs are entitled to summary judgment on the fraud element of their tolling claim was justifiable and is affirmed.

#### 2. Plaintiffs' lack of notice and exercise of due diligence

■ Plaintiffs take issue with the Magistrate's conclusion that two facts remain in dispute regarding plaintiffs' unawareness of a potential claim and due diligence in attempting to uncover such a claim. First, plaintiffs maintain that, in view of the surrounding circumstances, the Magistrate erred in finding that the filing of the 1977 IRS Form 5300 raised an issue as to their awareness of a potential claim. As noted above, the information contained on the Form 5300 was more misleading than not and certainly could not constitute *notice* of a claim.

Similarly, plaintiffs object to the Magistrate's conclusion that correspondence and meetings between United Association officials and Mr. Gaiser raise an issue of fact regarding notice. Plaintiffs correctly note that any information obtained by United Association officials could not be constructively attributed to the Fund, for those officials were not agents of the Fund. *See*

*Waggoner,* 649 F.2d at 1368. Moreover, even if such knowledge could be imputed to the Fund, plaintiffs cannot be charged, as a matter of law, with a failure to exercise due diligence in following up on that lead. As plaintiffs note, the Fund serves 510 locals and some 2,200 participants. It is simply not reasonable to suggest that Fund officials should have tracked down Mr. Gaiser based upon such scanty and misleading information. *See Hobson,* 737 F.2d at 35 n. 107 (plaintiff need only exercise *reasonable* diligence).

Accordingly, the Magistrate's conclusion that issues of fact remain regarding plaintiffs' notice and due diligence is reversed. Summary judgment is thus appropriate for plaintiffs on their tolling claim.

## B. Liability on the Underlying Claim

■ On appeal, defendant renews its arguments that it was not bound to make contributions on behalf of Mr. Gaiser, under the terms of the United Association Constitution. As the Magistrate correctly concluded, however, defendant's assertions are simply untenable.

Defendant argues that as a local, under the Constitution, it was not obligated to pay for Mr. Gaiser's pension, regardless of whether the Fund was required to provide such pension. Such an interpretation of the Constitution and of the operation of the Fund stands well outside the bounds of reasonableness. Section 41(b) of the Constitution explicitly provides that the Fund is entitled to levy upon the local unions to defray the costs of pensions for those employees who are eligible, under the terms established by the Fund officers. Defendant's bald assertion to the contrary is wholly without merit.

Defendant further contends that, because Section 41(b) establishes the Fund for the benefit of "full-time, salaried officers and employees," contributions on behalf of Mr. Gaiser were not required. Defendant maintains that it was bound only by the Constitution, and not by the Trust Agreement, which establishes eligibility requirements. Yet Section 41(b) expressly delegates to the Fund officers the authority to set the terms and conditions of the Fund. This they have done, providing in the Trust Agreement that all officers, whether elected or appointed, or employees who receive more than $2,000 from a local, apart from any remuneration from other sources, are covered under the Fund. Defendant's vain attempts to distinguish the eligibility of "appointed" as opposed to "elected" officers, or "salaried" employees from wage-earners is to no avail. The controlling instrument clearly provides that an employee such as Mr. Gaiser is eligible for coverage under the Fund.

Accordingly, the Magistrate's conclusion that summary judgment for plaintiffs' is appropriate as to the merits of their claim is affirmed.

## CONCLUSION

As set forth above, the Magistrate's findings are affirmed insofar as they support summary judgment for plaintiffs and reversed insofar as they suggest otherwise. Accordingly, an appropriate Order will be entered providing plaintiffs with access to the documents and records necessary to brief the issue of damages. The amount of damages owed plaintiffs, as well as their entitlement to attorneys' fees and costs, shall be dealt with in appropriate post-judgment proceedings.