**Edwin MINCHAU, Plaintiff,**

v.

**Henry W. HAIMSOHN, et al.,
Defendants.**

**Civ. A. 87–C–183.**

United States District Court,
D. Colorado.

May 5, 1987.

Jay Horowitz, Horowitz & Associates, Denver, Colo., William S. Lerach, Helen J. Hodges, John E. Grasberger, Joyce Fitzpatrick, Simon J. Freedman, Milberg Wess Berrshad Specthrie & Lerach, San Diego, Cal., Leonard Barrack, Gerald J. Rodos, Edward M. Gergosian, Barrack, Rodos & Bacine, Philadelphia, Pa., Alan Schulman, Milberg, Weiss, Bershad, Specthrie & Lerach, San Diego, Cal., for plaintiff.

William E. Murane, Holly S. Stein, Holland and Hart, Walter A. Steele, White & Steele, Peter F. Breitenstein, Fiarfield & Woods, Denver, Colo., Richard E. Carlton, Mark McCall, Sullivan & Gromwell, New York City, Eugene F. McGuire, Denver, Colo., and Paul A. Renne, Patrick J. Mahoney, Curt H. Mueller, Marjie D. Barrows, San Francisco, Cal., for defendants.

## ORDER

CARRIGAN, District Judge.

Plaintiff filed this class action suit on behalf of all persons who purchased stock of the defendant Pace Membership Warehouse, Inc. between June 20, 1985 and July 11, 1986. Plaintiff's complaint asserts five claims, labeled counts, alleging violations of sections 11 and 15 of the Securities Act of 1933 (1933 Act), 15 U.S.C. §§ 77k and 77o (count 1); violations of section 17 of the 1933 Act, 15 U.S.C. § 77q (count 2); violations of sections 10(b) and 20 of the Securities Exchange Act of 1934 (1934 Act), 15 U.S.C. §§ 78j(b) and 78t, and Rule 10b–5 (count 3); common law fraud and deceit (count 4), and negligent misrepresentation (count 5). All defendants have moved for dismissal of the plaintiff's second, fourth and fifth "counts."

Defendants contend that the plaintiff's second count must be dismissed because § 17 of the 1933 Act does not create a private right of action. The circuits are split on this issue, with the Second, Fourth and Ninth Circuits holding that § 17 does

give rise to a private remedy and the Fifth and Eighth Circuits holding that it does not. The Tenth Circuit has not decided the issue. None of the judges of this district have recognized a private right of action under the section. Rather, they consistently have dismissed private claims under § 17 or, in cases where the plaintiff has asserted both a claim under § 17 of the 1933 Act and one under § 10(b) of the 1934 Act, which sections prohibit almost identical conduct, have deferred decision on the issue pending further discovery to determine whether the plaintiff must proceed under § 17 to recover. *See In Re Storage Technology Corp. Securities Lit.*, 630 F.Supp. 1072 (D.Colo.1986); *Noland v. Gurley*, 566 F.Supp. 210 (D.Colo.1983). Although I respect the reasoning of my colleagues who have held that no private remedy is created by § 17, I deem it more prudent in this case to follow the latter course. This will cause no inconvenience to the parties, and will provide the plaintiff an opportunity to discover whether he really needs to pursue this § 17 claim. Moreover the Tenth Circuit may decide the issue in the meantime.

Defendants also seek dismissal of the plaintiff's fourth and fifth claims. Both sound in state law, and are before this court under the doctrine of pendent jurisdiction. Absent a constitutional or statutory bar, a federal court may, in its discretion, exercise pendent jurisdiction over state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Here, there is neither a constitutional nor a statutory bar to exercise of pendent jurisdiction. Therefore, I must determine whether it is appropriate for me to exercise that jurisdiction.

Factors to be considered in deciding whether to retain pendent jurisdiction include (1) judicial economy, (2) availablility of a surer-footed reading of state law in state court, (3) predominance of state issues compared with federal issues, and broader scope of remedies available under state versus federal law, and (4) the potential for jury confusion. *Id.* at 726–727, 86 S.Ct. at 1139. I conclude that in the instant case these factors militate against

exercising pendent jurisdiction. The scope of remedies available under the plaintiff's state law claims is greater than that available under applicable federal securities laws. Moreover, this is a class action. And, as this court pointed out in *In Re Storage Tech.*, 630 F.Supp. at 1080–1081, the plaintiff's state law claims will raise questions of law and fact under the laws of each state in which stock was purchased. These, in turn, will complicate issues of proof and most likely will lead to jury confusion.

Accordingly, IT IS ORDERED that:

1. The defendants' motions to dismiss the plaintiff's second count are denied;

2. The defendants' motions to dismiss the plaintiff's fourth and fifth counts are granted, and these counts are dismissed as to all defendants.