Glen L. MILLER, Plaintiff,

v.

**MOFFAT COUNTY STATE BANK; et al., Defendants.**

Civ. A. No. 87–C–579.

United States District Court,
D. Colorado.

Feb. 9, 1988.

Steven A. Shapiro, Radetsky & Shapiro, Denver, Colo., for plaintiff.

Mark Oates, Gregory L. Williams, Rothgerber, Appel, Powers & Johnson, Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Plaintiff Glen L. Miller filed this action on behalf of himself and his deceased wife alleging a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, together with various state law claims for relief.

The complaint alleges these facts: From November 1982 to November 1984 the plaintiff entered into several contracts with the defendant Moffat County State Bank under which the bank agreed to lend mon-

ey to the plaintiff and his now deceased wife. It was agreed that the Millers would be charged an interest rate on the loans based on a certain prime rate. During the course of the loan transactions, the individual defendants allegedly told the plaintiff that the prime rate was the lowest interest rate charged by the bank. Plaintiff contends that the individual defendants, acting through the defendant bank, actually charged the plaintiff a higher interest rate than the rate charged several other customers.

Plaintiffs' fifth claim for relief alleges a violation of RICO. It specifically alleges that:

"The continuing scheme of [the individual defendants] to defraud Plaintiffs ... involved regular and systematic use of the mail and transmission by means of wire in interstate and foreign commerce to send false and fraudulent billing statements, and to receive payments, and therefore ... constitutes a 'racketeering activity' " as defined in 18 U.S.C. § 1961. (Complaint, claim five, para. 5.)

Plaintiffs' RICO claim is the only federal claim alleged in the complaint, and diversity jurisdiction does not appear to exist because all the parties are Colorado citizens for diversity purposes. No other basis for federal court jurisdiction is alleged.

Defendants have filed a motion to dismiss for failure to state a claim upon which relief can be granted, and for lack of jurisdiction. In reviewing the sufficiency of a complaint when tested by a motion to dismiss, the court must accept as true the complaint's allegations and view them in a light most favorable to the plaintiffs. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The complaint must stand unless it appears beyond doubt that the plaintiffs have alleged no set of facts that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

In support of their motion to dismiss, the defendants contend that: (1) accepting the facts pleaded by the plaintiff as true, the plaintiff's RICO allegations (claim five) are defective because of a failure adequately to

allege that a "pattern" of racketeering activity existed; and (2) if the RICO claim is dismissed, the complaint and the action must be dismissed because this court has no jurisdiction of those state law claims.

In response, the plaintiff contends that the RICO violation pleaded in claim five is not an isolated incident and that the defendants' illegal activity is continuing. Plaintiff alternatively requests that in the event I decide that the RICO claim has not been pleaded sufficiently, that I permit the plaintiff to amend the complaint under Fed. R.Civ.P. 15(a) to include additional evidence of a "pattern" of racketeering activity. Thus the relevant issues are:

(1) Whether the complaint adequately alleges that a pattern of racketeering activity existed; and

(2) Whether the plaintiff may amend the complaint if it does not state a claim under RICO.

The parties have briefed the issues and oral argument would not materially assist my decision.

**A. *Pattern of Racketeering Activity.***

To plead a violation of RICO one must allege: (1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity. *Sedima v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985). A plaintiff must allege at least two acts of racketeering activity in order to establish a "pattern." 18 U.S.C. § 1961(5). In *Sedima* the Court noted:

"While two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a 'pattern.' The legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern." 473 U.S. at 496 n. 14, 105 S.Ct. at 3285 n. 14.

The *Sedima* Court partially relied on a Senate Report that stated:

"The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of *continuity plus rela-*

*tionship* which combines to produce a pattern." S.Rep. No. 91–617, p. 158 (1969) (emphasis added).

In *Torwest DBC, Inc. v. Dick*, 810 F.2d 925 (10th Cir.1987), *petition for cert. filed*, the court held that a scheme to achieve a single discrete objective does not in and of itself create a threat of ongoing activity, "even when that goal is pursued by multiple illegal acts, because the scheme ends when the purpose is achieved." *Id.* at 928–29.

Defendants contend that the plaintiff's RICO claim merely alleges repeated racketeering acts in furtherance of a single scheme to defraud the Millers. They argue:

> "[P]laintiff alleges that the defendant Bank and the individual defendants engaged in a single scheme to defraud him by charging excessive interest on his ranching loans. While plaintiff alleges several loans, these loans are mere rollovers of the primary loan and constitute a 'single, unified transaction.'" (Motion, at 4).

Defendants additionally assert that the plaintiff not only has failed to allege that a pattern of racketeering activity existed, but also has failed to allege any threat of continuing criminal activity. *Id.*

Plaintiff's response is that there exists additional evidence showing that the RICO violation alleged by the plaintiff was not an isolated incident. More specifically, he asserts that:

(1) During a hearing in a state court proceeding, Michael McCawley, a defendant in the instant action, stated that the Moffat County State Bank "prime rate" was the best rate given to the bank's best customers. Yet other prime rates quoted by the bank at that time were in fact lower than the bank's stated prime rate; and

(2) During discovery in the plaintiff's prior RICO case, "[d]efendants produced records of loans made by the Defendant Bank for the previous five years to customers beside the Plaintiff.... These records clearly and emphatically revealed that the acts complained of by

the Plaintiff in his Fifth Claim for Relief had been committed by the Defendant Bank and the individual Defendants on numerous other occasions." *Id.*

Thus the plaintiff argues that the defendants deceived several bank customers by applying excessive interest rates to their respective loan repayments, and that such conduct constituted a pattern of racketeering activity. Yet the complaint does not contain any allegation that other bank customers were injured by the defendants. Rather, that contention is contained in the plaintiff's response to the defendants' motion to dismiss.

 The complaint, therefore, does not allege that a "pattern" of racketeering activity existed as that term has been construed by the Supreme Court in *Sedima* and by the Tenth Circuit in *Torwest*. It merely asserts that the defendants charged the plaintiff a higher interest rate than promised. I therefore conclude that the plaintiff has failed to state a claim for relief under RICO. Because dismissal of the fifth claim leaves only state claims for relief, I lack subject matter jurisdiction over this action.

**B.** *Amendment of the Complaint.*

 Plaintiff requests that if I conclude that he has failed to state a claim for relief under RICO, he be permitted to amend the complaint to include allegations that other bank customers were victimized by the defendants' purported criminal activities. Defendants oppose this request.

Rule 15(a), Fed.R.Civ.P., provides in relevant part that once a responsive pleading has been served:

> "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

I note that the present action is the plaintiff's second attempt to seek relief in this court under RICO. In 1985 the plaintiff filed a RICO action in this court against the defendant bank, and that action ulti-

mately was dismissed because the complaint failed to allege conduct of persons separate and distinct from that of the "enterprise."

It thus appears that the plaintiff's counsel is attempting to educate himself as to pleading RICO claims at the expense of this court. Additionally, it seems that the plaintiff is attempting to create federal jurisdiction by styling his state law claim for charging excessive interest rates as a RICO violation. Nevertheless, the plaintiff will be permitted to file an amended complaint, subject to the conditions listed in the order below.

Accordingly, IT IS ORDERED that:

(1) Defendants' motion to dismiss is granted;

(2) Plaintiff's complaint is dismissed;

(3) Plaintiff shall have 15 days in which to file an amended complaint; and

(4) Plaintiff's counsel shall carefully consult Rule 11, Fed.R.Civ.P., and 28 U.S.C. § 1927, before advising the plaintiff on whether to file an amended complaint.

If the plaintiff proceeds and it later appears that no sound RICO claim is present, the plaintiff and his attorney may expect the imposition of substantial sanctions.