TRUSTEES OF the CARPENTERS AND MILLWRIGHTS HEALTH BENEFIT TRUST FUND, Trustees of the Centennial State Carpenters Pension Trust Fund, Trustees of the Colorado Carpenters and Millwrights Vacation Trust Fund, and Trustees of the Colorado Carpenters Joint Apprenticeship Trust Fund, Plaintiffs,

v.

LILLARD & CLARK CONSTRUCTION COMPANY, INC., a Colorado Corporation, and United States Fidelity and Guaranty Company, a Maryland Corporation, Defendants.

Civ. A. No. 90–F–507.

United States District Court, D. Colorado.

Nov. 27, 1990.

Timothy J. Parsons, David B. Seserman, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., for plaintiffs.

Kate Raabe, Stettner, Miller & Cohn, P.C., Denver, Colo., for defendants.

ORDER

SHERMAN G. FINESILVER, Chief Judge.

THIS MATTER comes before the court on defendants' Motion to Dismiss, filed October 9, 1990. For reasons stated below, the Motion is denied.

I.

Plaintiffs in this matter are the trustees of several multiemployer employee benefit plans. Defendant Lillard & Clark Construction Company is a Colorado corporation engaged in the construction business. Defendant United States Fidelity & Guaranty (USF & G) is a Maryland corporation authorized to do business in Colorado. The court has jurisdiction over this action pursuant to 29 U.S.C. § 185 and 29 U.S.C. §§ 1132(a) and (e)(1), together with principles of ancillary and pendent jurisdiction.

On November 26, 1984, defendant Lillard & Clark entered into a collective bargaining agreement with the Colorado Centennial District Council of Carpenters. The agreement covered the time period from November 1, 1984, through April 30, 1987. The agreement incorporated by reference the Carpenters and Millwrights Health Benefit Trust Fund Agreement, the Centennial State Carpenters Pension Trust Fund Agreement, the Colorado Carpenters and Millwrights Vacation Trust Fund Agreement, and the Colorado Carpenters Joint Apprenticeship Trust Fund Agreement. Pursuant to these agreements, Lillard was to make contributions to plaintiff trust funds for each hour of work covered by the collective bargaining agreement.

Plaintiffs allege that audits of Lillard & Clark in 1986 and 1987 indicated that Lillard had failed to pay the required fringe benefit contributions between October 1984 and April 1987. Lillard argues that it has paid the full benefits required. On March 26, 1990, plaintiffs filed their Complaint. Plaintiffs amended the Complaint on May 1, 1990. In their First Claim for Relief, plaintiffs allege that by failing to accurately report the hours of covered employment worked and by failing to pay the fringe benefit contributions due, Lillard violated the collective bargaining agreement, the trust fund agreements incorporated therein, and 29 U.S.C. § 1145. In their Second Claim for Relief, plaintiffs contend that United States Fidelity and Guaranty Company was acting as surety for Lillard, and is therefore liable for the unpaid contributions. Defendants' Answer to Amended Complaint was filed on June 13, 1990.

In the Motion to Dismiss, defendants maintain that the plaintiff's claims are barred by the two year statute of limitations found in § 13–80–102(1)(g) C.R.S. (1987 Repl.Vol. 6A). Alternatively, defendants contend that the three year statute of limitations found in § 13–80–101(1)(a) C.R.S. (1987 Repl.Vol. 6A) controls. Defendants also raise the equitable defense of laches. Lastly, defendants assert that the court lacks subject matter jurisdiction over defendant USF & G.

Plaintiffs argue that their cause of action is not time barred, as the six year breach of contract statute of limitations found in § 87–1–7 C.R.S. (1963) governs. Plaintiffs further note that the equitable defense of laches is unavailable where the lawsuit is filed within the time allotted by the applicable statute of limitations.

II.

A motion to dismiss should not be granted unless plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Swanson v. Bixler,* 750 F.2d 810, 813 (10th Cir.1984); *Shoultz v. Monfort of Colo.,* 754 F.2d 318, 321 (10th

Cir.1985); *Sullivan v. Boettcher & Co.*, 714 F.Supp. 1132, 1134 (D.Colo.1989); *Watters v. Pelican Int'l, Inc.*, 706 F.Supp. 1452, 1458 (D.Colo.1989); *Miller v. Moffat County State Bank*, 678 F.Supp. 247, 248 (D.Colo.1988); *Miner v. Int'l Typographical Union Negotiated Pension Plan*, 601 F.Supp. 1390, 1391 (D.Colo.1985). All well pleaded allegations of the complaint must be accepted as true. *Shoultz*, 754 F.2d at 321; *Sullivan*, 714 F.Supp. at 1134; *Watters*, 706 F.Supp. at 1458. The pleadings must be construed in the light most favorable to plaintiffs. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686; *Swanson*, 750 F.2d at 813; *Sullivan*, 714 F.Supp. at 1134.

### III.

■ ERISA does not contain a statute of limitations applicable to civil actions brought under 29 U.S.C. § 1145. See generally *Trustees of Wyoming Laborers Health and Welfare Plan v. Morgen & Oswood Constr. Co., Inc.*, 850 F.2d 613, 618 (10th Cir.1988). The court must therefore look to the relevant state statute of limitations to govern this action. "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." *Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 1942, 85 L.Ed.2d 254 (1985); *South Carolina v. Catawba Indian Tribe, Inc.*, 476 U.S. 498, 507, 106 S.Ct. 2039, 2045, 90 L.Ed.2d 490 (1986); *County of Oneida v. Oneida Indian Nation*, 470 U.S. 226, 240, 105 S.Ct. 1245, 1254, 84 L.Ed.2d 169 (1985); *Runyon v. McCrary*, 427 U.S. 160, 180, 96 S.Ct. 2586, 2599, 49 L.Ed.2d 415 (1976); *Inter'l Union, United Auto., Aerospace & Agricultural Implement Workers of America v. Hoosier Cardinal Corp.*, 383 U.S. 696, 703–04, 86 S.Ct. 1107, 1112, 16 L.Ed.2d 192 (1966). The court must adopt the most closely analogous state statute of limitations. *Reed v. United Transp. Union*, 488 U.S. 319, 323, 109 S.Ct. 621, 625, 102 L.Ed.2d 665 (1989); *Newcomb v. Ingle*, 827 F.2d 675, 677 n. 3 (10th Cir.1987); *Federal Deposit Ins. Corp. v. Palermo*, 815 F.2d 1329, 1339

(10th Cir.1987). Characterization of the nature of the claim is a matter of federal law. *Wilson*, 471 U.S. at 268–69, 105 S.Ct. at 1943; *Hoosier*, 383 U.S. at 704–05, 86 S.Ct. at 1113; *Morgen & Oswood*, 850 F.2d at 618.

This case concerns the alleged failure to defendant Lillard to fully perform the duties outlined in the collective bargaining agreement and incorporated trust fund agreements. These written agreements delineated the contributions Lillard was required to make to each plaintiff fund. Plaintiffs allege that defendant failed to fulfill the provisions of the agreements. As the Tenth Circuit has noted, this type of action under ERISA seems most similar to a state breach of contract action. "[C]haracterization of an ERISA action as an action on contract is consistent with the legislative history of that statute ..." *Morgen & Oswood*, 850 F.2d at 621. Other jurisdictions have agreed that actions under ERISA to recover pension and benefit contributions are generally seen as analogous to state breach of contract actions. *Central States Southeast and Southwest Areas Pension Fund v. King Dodge, Inc.*, 835 F.2d 1238, 1239 (8th Cir.1987); *Robbins v. Iowa Road Builders Co.*, 828 F.2d 1348, 1354 (8th Cir.1987); *Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop*, 823 F.2d 289, 298 (9th Cir.1987); *Trustees for Alaska Laborers—Constr. Indus. Health and Sec. Fund v. Ferrell*, 812 F.2d 512, 517 (9th Cir.1987); *Central States Southeast and Southwest Areas Pension Fund v. Kraftco, Inc.*, 799 F.2d 1098, 1105 (6th Cir.1986); *Jenkins v. Local 705 Int'l Bhd. of Teamsters Pension Plan*, 713 F.2d 247, 252–53 (7th Cir.1983); *Trustees of the United Ass'n Full–Time Salaried Officers and Employees of Local Unions, Dist. Councils, State and Provincial Ass'n Pension Plan v. Steamfitters Local Union 395*, 641 F.Supp. 444, 446 n. 1 (D.D.C.1986); *Southern Elec. Retirement Fund v. George Arp Elec.*, 635 F.Supp. 139, 144 (E.D.Tenn.1986).

■ Although breach of contract actions in Colorado are governed by either § 13–80–101(1)(a) or § 13–80–103.5, defendants

argue that the applicable statute of limitation is the two year statute applying to federal causes of action.[1]  Plaintiffs' ERISA claims are clearly federal claims within the meaning of § 13–80–102, however, the two year limitation is not the appropriate state statute to apply in this case.  The courts have recognized that a state statute of limitations will not be applied if it discriminates against a federal cause of action.  *Wilson*, 471 U.S. at 276, 105 S.Ct. at 1947; *Morgen & Oswood*, 850 F.2d at 619.

In *Morgen & Oswood*, defendants sought to utilize a two year statute of limitations applicable to federal claims.  Wyoming law provided for an eight year statute of limitations for state actions and a ten year catch-all statute for all actions not encompassed by other statutes of limitations.  The court noted: "... a comparison of the amount of time provided for causes of action arising under state law with the amount of time provided for actions arising under federal law demonstrates the statute's hostility against federal causes of action ..." *Id.* at 620.  The court held that a ten year statute of limitations applicable to actions based on a written contract was most analogous to the ERISA action.

Although the Colorado statutes of limitation do not present such an egregious disparity between the time limits for federal and state actions, applying § 13–80–102(1)(g) in a breach of contract type ERISA action would result in discrimination against the federal claim.  The defen-dant's reasoning would allow state breach of contract claims to be governed by either the three or six year statute of limitations, while a similar federal claim would be limited by a two year statute.  Furthermore, an application of the two year statute of limitations hinders the federal policies behind ERISA.  *See Morgen & Oswood*, 850 F.2d 613.  The court holds that the two year statute of limitations for federal claims does not apply to the present cause of action.

■  In the alternative, defendants maintain that the three year statute of limitations governing general contract actions should apply.  However, the Colorado courts have held that an action to recover money damages pursuant to a contract is governed by § 13–80–103.5, rather than the three year statute of limitations of § 13–80–101.  *Comfort Homes, Inc. v. Peterson*, 549 P.2d 1087, 1090 (Colo.App.1976); *Uhl v. Fox*, 31 Colo.App. 13, 498 P.2d 1177, 1178 (1972).  Plaintiffs here seek to recover an amount of money which is provided for in, and calculable from, the collective bargaining agreement signed by the parties.  Furthermore, a statute of limitations such as § 13–80–103.5 which specifically addresses a particular class of cases controls over a more general statute of limitations such as § 13–80–101.  *Persichini v. Brad Ragan, Inc.*, 735 P.2d 168, 172–73 (Colo.1987); *Mohawk Green Apts. v. Kramer*, 709 P.2d 955, 957 (Colo.App.1985); *Stanske v. Wazee Electric Co.*, 690 P.2d 1291, 1292 (Colo. App.1984).  The court therefore finds that

**1.** Section 13–80–101 provides for a general three year statute of limitations for actions brought on a contract.

The following civil actions, regardless of the theory upon which suit is brought, shall be commenced within three years after the cause of action accrues, and not thereafter:

(a) All contract actions, including personal contracts and actions under the "Uniform Commercial Code", except section 4–6–111, C.R.S., and except as otherwise provided in section 13–80–103.5;

13–80–101, C.R.S.

Section 13–80–103.5 creates a six year statute of limitations for actions brought to recover a debt or payment owed under a contract.

The following actions shall be commenced within six years after the cause of action accrues, and not thereafter:

(a) All actions to recover a liquidated debt or an unliquidated, determinable amount of money due to the person bringing the action, all actions for the enforcement of rights set forth in any instrument securing the payment of or evidencing any debt, ...

13–80–103.5, C.R.S.

Section 13–80–102 creates a two year statute of limitations for federal causes of action.

The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within two years after the cause of action accrues, and not thereafter:

(g) All actions upon liability created by a federal statute where no period of limitations is provided in said statute.

13–80–102(1)(g), C.R.S.

the six year statute of limitations of C.R.S. § 13–80–103.5 governs and plaintiffs' claims are not time barred.[2]

## IV.

Defendants also contend that plaintiffs' claims are barred by laches. Plaintiffs were aware of the alleged improprieties upon completion of the audits in 1986 and 1987, yet did not file suit in this matter until March of 1990. In the interim, defendant notes that substantial amounts of interest have accrued on the disputed amount. Furthermore, defendant asserts that the delay has hindered defendant's ability to present proof in the form of witnesses and exhibits which are no longer available to defendant.

■ Generally, when a claim is brought within the applicable statute of limitations, the defense of laches is unavailable. *O'Byrne v. Scofield*, 120 Colo. 572, 212 P.2d 867, 871 (1949); *Norman v. Boyer*, 111 Colo. 531, 143 P.2d 1017, 1018 (1943). Mere delay, short of the running of the statute of limitations, does not constitute laches. *Paternak v. Robin*, 511 P.2d 529, 530 (Colo.App.1973); *Beathune v. Cain*, 30 Colo.App. 321, 494 P.2d 603, 605 (1971). However, an action may be barred by laches where the existence of special facts make the delay culpable. *Tandy Corp. v. Malone & Hyde, Inc.*, 769 F.2d 362, 365 (6th Cir.1985); *United States v. Olin Corp.*, 606 F.Supp. 1301, 1309 (N.D.Ala. 1985).

■ The court has already determined that the plaintiffs' Complaint was filed within the time period set by the applicable statute of limitations. Although defendants have alleged that the delay will negatively impact their ability to present witnesses, this is not a case where "... witnesses have died or their memories become

dim or time and long acquiescence have obscured the nature and character of the trust or acts of the parties ..." *O'Byrne*, 212 P.2d at 871. The defendants were not unduly prejudiced by the delay in filing this action: a delay of no more than four years. In the absence of some special factual situation making continued litigation of this case unequitable, the court will decline to apply the defense of laches.

## V.

■ Defendant's final argument is that the court lacks subject matter jurisdiction over defendant United States Fidelity and Guaranty Company. USF & G was not a signatory to the collective bargaining agreement between plaintiffs and defendant Lillard. USF & G is also not an employer within the meaning of ERISA. *See Giardiello v. Balboa Ins. Co.*, 837 F.2d 1566, 1570 (11th Cir.1988); *Laborers Local 938 Joint Health and Welfare Trust Fund v. B.R. Starnes Co.*, 827 F.2d 1454, 1457 (11th Cir.1987); *Carpenters Southern Cal. Admin. Corp. v. D & L Camp Constr. Co.*, 738 F.2d 999, 1000 (9th Cir.1984). Defendant USF & G would have the court follow *D & L Camp*, where the Ninth Circuit refused to exercise pendent jurisdiction over plaintiff's claims against a surety, noting that there was no diversity between the plaintiff and the surety.

The court has discretion to exercise pendent jurisdiction. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Sullivan*, 714 F.Supp. at 1134; *Minchau v. Haimsohn*, 675 F.Supp. 1277, 1279 (D.Colo.1987). The factors that a court should consider before exercising pendent jurisdiction include judicial economy, the ability of a state court to better interpret state law, the predominance of state issues and the availability of

2. This holding is in line with the reasoning of *Carpenters & Millwrights Health Benefit Trust Fund v. Domestic Insulation Co.*, 387 F.Supp. 144 (D.Colo.1975). In *Carpenters*, plaintiff trust funds alleged that defendant employer had violated several trust agreements which were incorporated into collective bargaining agreements by failing to file required reports and refusing to allow plaintiff access to payroll records. The court found that the appropriate statute of limitations was the six year breach of contract limitation found at that time in C.R.S. § 87–1–11. The court considered, but did not directly rule on the applicability of C.R.S. § 87–1–7. C.R.S. § 87–1–7 allowed for the filing of federal claims in the longer of two years or the time specified for comparable state actions.

greater remedies under state law, and the potential for jury confusion. *Id.* Plaintiffs' claims in the present case derive from a common nucleus of fact. *Trustees of the Colorado Pipe Industry Employee Benefit Funds v. Colorado Springs Plumbing and Heating Co.*, 388 F.Supp. 71, 74 (D.Colo.1975). The claim against USF & G as surety derives from the alleged breach of the collective bargaining agreement by defendant Lillard. The bond issued by USF & G was issued for the sole purpose of securing Lillard's obligation to contribute to plaintiff trusts. The claims comprise a single constitutional case: Judicial economy will be best satisfied by disposing of both claims in a single proceeding. *Id.* at 76. The exercise of pendent jurisdiction over the claim against USF & G is proper in this case.

ACCORDINGLY, IT IS ORDERED that defendant's Motion to Dismiss is DENIED.